**James Lee TRAHAN, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–99–337 CR.**

Court of Appeals of Texas, Beaumont.

Submitted March 9, 2000.

Decided April 5, 2000.

Ken J. McLean, Houston, for appellant.

Tom Maness, Crim. Dist. Atty., Wayln G. Thompson, Asst. Crim. Dist. Atty., Beaumont, for State.

Before WALKER, C.J., BURGESS, and STOVER, JJ.

**OPINION**

DON BURGESS, Justice.

James Lee Trahan, Jr. was charged with possession of a controlled substance. Following the denial of his pre-trial motion to suppress, Trahan pleaded guilty pursuant to a plea bargain. Trahan was sentenced to two years' confinement in a state jail facility, suspended for three years, and fined $750. Trahan appeals raising two points of error.

■ Because it is dispositive of this appeal, we first address Trahan's second point of error. Trahan contends "[t]he stop of [his] vehicle for failing to give a turn signal when exiting the freeway was not authorized under §§ 545.103 or 545.104, Transportation Code, and therefore not a violation of law for which a valid traffic stop may be made." Section 545.104(a) provides "[a]n operator shall use the signal ... to indicate an intention to turn, change lanes, or start from a parked position." TEX. TRANSP. CODE ANN. § 545.104(a) (Vernon 1999). Section 545.103 provides "[a]n operator may not ... otherwise turn the vehicle from a direct course, or move right or left on a roadway unless movement can be made safely." TEX. TRANSP. CODE ANN. § 545.103 (Vernon 1999). The State argues failure to give a turn signal, in and of itself, is a traffic offense for which a valid stop may be made.

■ The plain language of section 545.104(a) indicates that signals are mandatory when turning, changing lanes, or starting from a parked position. However, in this case, there is no evidence Trahan "turned" or changed lanes in order to exit the freeway. Officer Danny Bucholz testified he stopped Trahan for failing to signal his exit from the freeway. The State argues the "process of exiting the freeway necessitates a turn by its very nature, as one cannot continue a straight path on a highway and suddenly find himself on an adjacent feeder road." The State asks this court to assume facts not in evidence. There is simply no evidence that the exit taken by Trahan required a "turn."

■ The State contends it is not necessary that a turn consist of a ninety degree turn onto a cross street. However, a ninety degree turn is exactly the type of turn contemplated by Subchapter C of the Transportation Code, titled "Turning and Signals for Stopping and Turning." The "turns" discussed in Subchapter C are those "at intersection," TEX. TRANSP. CODE ANN. § 545.101 (Vernon 1999), and turns "to move in the opposite direction when approaching a curve or the crest of a grade." TEX. TRANSP. CODE ANN. § 545.102 (Vernon 1999). As noted above, TEX. TRANSP. CODE ANN. § 545.103 (Vernon 1999), provides that "an operator may not ... otherwise turn the vehicle from a direct course, *or* move right or left on a roadway unless movement can be made safely." Thus, the code does not equate moving right or left to a "turn," and the only condition placed upon an operator for moving right or left is that the movement be made safely. There is no evidence in the record that Trahan's exit from the freeway was unsafe. Accordingly, there was no basis for the stop. *See Garcia v. State,* 827 S.W.2d 937, 944 (Tex.Crim.App.1992)(holding that "[a]s long as an actual violation occurs, law enforcement officials are free to enforce the laws and detain a person for that violation"). As the consent to the search is a fruit of the illegal stop, the evidence obtained in the search should have been suppressed. *See Viveros v. State,* 828 S.W.2d 2, 4 (Tex.Crim.App.1992). Accordingly, the trial court abused its discretion in denying Trahan's motion to suppress. Point of error two is sustained. The judgment of the trial court is reversed and the cause remanded for a new trial.

**REVERSED AND REMANDED.**

RONALD L. WALKER, Chief Justice, concurring.

I concur with both the reasoning and result of the majority opinion. This concurrence is to point out the distinction between the facts of the present case and those in *Ehrhart v. State*, 9 S.W.3d 929 (Tex.App.—Beaumont 2000, no pet. h.), wherein I dissented. In the present case, the evidence produced by the Sate may show that safe driving practice dictates signaling when exiting the freeway, however to say that TEX. TRANSP. CODE ANN. §§ 545.103 or 545.104 requires same is a stretch of the plain meaning of those statutes. In *Ehrhart*, I believe the facts show clear authorization to stop the accused for suspicion that Ehrhart was driving while intoxicated. Not so in the present case.