11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Carley Renee
Potts

Appellant

Vs.                   No.
11-01-00246-CR B Appeal from Dallas County

State of Texas

Appellee

 

Appellant
was convicted of the offense of driving while intoxicated.  The trial court assessed her punishment at
confinement for 180 days in the Dallas County Jail, probated for 24 months, and
imposed a fine of $900.  Appellant
brings one issue on appeal.  She alleges
that the trial court erred in overruling her motion to suppress evidence
obtained as the result of her arrest. 
We affirm.

  In reviewing a trial court's ruling on a motion
to suppress, appellate courts must give great deference to the trial court's
findings of historical facts as long as the record supports the findings.
Guzman v. State, 955 S.W.2d 85 (Tex.Cr.App.1997).   We must afford the same amount of deference to the trial court's
rulings on "mixed questions of law and fact," such as the issue of
probable cause, if the resolution of those ultimate questions turns on an
evaluation of credibility and demeanor. 
Guzman v. State, supra at 89. 
Appellate courts, however, review de novo "mixed questions of law
and fact" not falling within the previous category.  Guzman v. State, supra.   When faced with a mixed question of law and
fact, the critical question under Guzman is whether the ruling
"turns" on an evaluation of credibility and demeanor.  Loserth v. State, 963 S.W.2d 770, 773
(Tex.Cr.App.1998).   A question
"turns" on an evaluation of credibility and demeanor when the
testimony of one or more witnesses, if believed, is always enough to add up to
what is needed to decide the substantive issue.  Loserth v. State, supra.  
We must view the record in the light most favorable to the trial court's
ruling and sustain the trial court's ruling if it is reasonably correct on any
theory of law applicable to the case. 
Guzman v. State, supra.








The trial
court heard appellant=s motion
to suppress at the same time as the trial on the merits.  The arresting officer was the only witness
to testify at the proceeding.  He was
sitting inside his patrol car  in the
parking lot of a convenience store on the night in question.  As he was about to exit his patrol car to go
inside the store, the officer observed appellant=s vehicle make a sudden, hard turn into the convenience store=s parking lot without signaling the
turn.  Appellant parked her vehicle in
between two marked parking spaces, stopping about eight feet from where she
should have parked.  Upon exiting her
vehicle, appellant slammed the door and walked briskly into the convenience
store.  An unidentified motorist who had
been following appellant then pulled into the parking lot beside the officer=s vehicle.  
The motorist pointed to appellant and stated to the officer: AThere is something wrong with that girl.  I have been following her since the freeway,
and she [was] all over the road.@  The officer then approached
appellant inside the store and asked her to step outside and speak with him.

The
officer first asked appellant if she had been drinking which she initially
denied.  He then asked why he smelled
the odor of an alcoholic beverage on her breath.  She responded by stating that 

she was a bartender and
that he was probably smelling her clothes. 
The officer proceeded with conducting field sobriety tests after
smelling alcohol on appellant.  He first
performed the horizontal gaze nystagmus test. 
He determined that appellant exhibited all six clues of intoxication
during the test.  He then asked
appellant to recite the alphabet. 
Appellant began giggling when she reached As@ and could not continue.  Appellant subsequently informed the officer
that she had consumed two or three beers.   
The officer next attempted to perform a stationary balance test.  He preceded this test by asking appellant if
the high heeled boots she was wearing were comfortable.   Appellant became angry in response to this
question.  Without responding to the
officer=s question, she jerked her boots off and
threw them down on the pavement.  The
officer placed appellant under arrest at that point.

The trial
court made the following finding on the record:  

As to the
Motion to Suppress, I will deny your Motion to Suppress.  I think on all of the evidence presented,
the driving factors, how she parked, the person following her to the police
officer to give him some information to check intoBshe was already out of the car, and it was
appropriate for him to approach her and investigate.  It was a reasonable and temporary detention. 

 








Appellant  attacks the trial court=s ruling on two bases.  First, she contends that the act of turning
into the convenience store=s parking lot without signaling did not constitute the commission of a
traffic violation offense permitting the officer to make a traffic stop.[1]  Second, she argues that the tip provided by
the unidentified motorist did not provide a sufficient basis for the officer to
detain her.[2]     A
police officer may stop and briefly detain persons suspected of criminal
activity if the officer possesses a reasonable suspicion to justify the
investigative detention.  Terry v. Ohio,
392 U.S. 1 (1968); Davis v. State, 947 S.W.2d 240, 244 (Tex.Cr.App.1997).  In determining the reasonableness of the
investigative stop, we examine the totality of the circumstances.  See Woods v. State, 956 S.W.2d 33, 38
(Tex.Cr.App.1997).  We look to the facts
available to the officer at the time of the stop to determine if a reasonable
suspicion existed.  Davis v. State,
supra at 243.  

Appellant
attacks the trial court=s determination by viewing the facts in isolation.  However, the trial court obviously made its
determination based on the totality of the circumstances which were presented
to the officer.   Appellant operated her
vehicle in an erratic manner and in violation of the traffic laws within the
officer=s view. 
Moments after this observation, the officer was informed by a motorist
who had been following appellant that appellant had been driving all over the
road.  These circumstances constituted
specific articulable facts which reasonably indicated  that appellant was driving while intoxicated, permitting the
officer to investigate the matter further. 
See Terry v. Ohio, supra. 
Appellant had already exited her vehicle when the officer contacted her.  He detected the smell of alcohol on her
breath when he began questioning her. 
These facts provided sufficient reason for the officer to further detain
and investigate appellant for driving while intoxicated.  Appellant=s performance on the field sobriety tests administered by the officer
was sufficient to provide probable cause for her arrest.  Appellant=s sole issue on appeal is overruled.

The
judgment of the trial court is affirmed.

 

June 27, 2002                                                                          W.
G. ARNOT, III

Do not publish.  See TEX.R.APP.P. 47.3(b).                CHIEF
JUSTICE

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.











     [1]Appellant cites Trahan v. State, 16 S.W.3d 146
(Tex.App. - Beaumont 2000, no pet=n),
for the proposition that she was not required to signal her entry into the
convenience store=s parking lot because she did not make a Aturn@ in doing
so.  TEX. TRANSP. CODE ANN. ' 545.104(a) (Vernon 1999).  Trahan is factually distinguishable because it involved a
vehicle moving over onto a freeway=s
exit ramp.  The officer in the instant
case testified that appellant made a Ahard@ turn into the parking lot of the convenience
store.  Moreover, TEX. TRANSP. CODE ANN.
' 545.103 (Vernon 1999) indicates that a motorist makes
a turn when entering a private road or driveway.





     [2]An anonymous tip alone will not generally establish the
level of suspicion required to justify a detention.  Florida v. J.L., 529 U.S. 266 (2000).