COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

                                                                              )     

GARY
STEVEN KRUG,                                      )                    No. 
08-01-00210-CR

                                                                              )

Appellant,                          )                             Appeal from

                                                                              )     

v.                                                                           )                      112th District Court

                                                                              )

THE STATE OF TEXAS,                                     )                 of Crockett County, Texas

                                                                              )

Appellee.                           )                             (TC# 2053)

 

 

O
P I N I O N

 

Gary
Steven Krug appeals from his conviction for driving while intoxicated.  Appellant waived his right to a jury trial
and entered a negotiated plea of guilty. 
The trial court found Appellant guilty and assessed his punishment in
accordance with the plea bargain at imprisonment for three years.  The court suspended the sentence and placed
Appellant on community supervision for ten years.  On appeal, Appellant challenges the trial
court=s denial
of his motion to suppress.  We affirm.

FACTUAL SUMMARY

Appellant
filed a motion to suppress alleging that the deputy who arrested him lacked
probable cause.  Rather than submitting
live testimony at the suppression hearing, the parties stipulated to the
following evidence:








On
January 28, 2000, Crockett County Deputy Sheriff, TYLER ROY, observed GARY
STEVEN KRUG drive a Silver Toyota Station Wagon North on Avenue J, a public
roadway in Ozona, Crockett County, Texas, and safely turn his vehicle into the
J.B. Miller Mobile Home Park, a private residential area with private
driveways.  The J.B. Miller Mobile Home
Park is located at the 300 block of Avenue J in Ozona, Texas.

According
to Deputy Roy, the Defendant, GARY STEVEN KRUG, failed to signal a right hand
turn from the public roadway into the private driveway located on the lower
level of the mobile home park.  Deputy
Roy activated his overhead lights on his patrol vehicle and, while in the private
driveway, followed the Silver Toyota Station Wagon which safely came to a stop
at Defendant=s, GARY
STEVEN KRUG, mobile home residence located at the North end of the mobile home
park.  Deputy Roy subsequently arrested
the Defendant, GARY STEVEN KRUG, for the offense of Driving While Intoxicated
without a warrant for arrest.  

 

At the
conclusion of the hearing, the trial court denied the motion to suppress.  Appellant subsequently entered a plea of
guilty while reserving his right to appeal the ruling on his motion to
suppress.  

EXISTENCE OF PROBABLE CAUSE

In
his sole issue for review, Appellant contends that the evidence against him was
seized as the result of an illegal detention, and therefore, the trial court erred
in denying his motion to suppress.  The
State responds that the initial stop of Appellant is supported by probable
cause because he committed a traffic violation.

Standard of Review








We
generally review a trial court=s
ruling on a motion to suppress based upon an alleged lack of probable cause
using the bifurcated standard of review articulated in Guzman v. State,
955 S.W.2d 85 (Tex.Crim.App. 1997).  See Carmouche v.
State, 10 S.W.3d 323, 327 (Tex.Crim.App.
2000).  Under this standard, we afford
almost total deference to the trial court=s
express or implied determination of historical facts and review de novo
the court=s application
of the law pertaining to search and seizure to those facts.  State v. Ross, 32
S.W.3d 853, 856 (Tex.Crim.App. 2000); Carmouche, 10 S.W.3d at 327.

Traffic Violation

When
a traffic violation is committed within an officer=s
view, the officer may lawfully stop and detain the person for the traffic
violation.  Walter
v. State, 28 S.W.3d 538, 542 (Tex.Crim.App.
2000); McVickers v. State, 874 S.W.2d
662, 664 (Tex.Crim.App. 1993).  Subtitle C of Title 7 of the Texas Transportation
Code contains the ARules of
the Road@ which
govern the conduct of motor vehicle operators. 
Chapter 545 pertains to turning and signals for stopping and
turning.  In this case, we are concerned
with the interplay of Sections 545.103 and 545.104.

Section
545.103, entitled ASafely Turning@
provides:

An operator may not
turn the vehicle to enter a private road or driveway, otherwise turn the
vehicle from a direct course, or move right or left on a roadway unless
movement can be made safely.

 

Tex.Transp.Code Ann. ' 545.103 (Vernon 1999).

Section
545.104(a), entitled ASignaling
Turns; Use of Turn Signals,@
provides:

 

An operator shall
use the signal authorized by Section 545.106 to indicate an intention to turn,
change lanes, or start from a parked position. 


 

Tex.Transp.Code Ann. ' 545.104(a).








Citing
Trahan v. State, 16 S.W.3d 146 (Tex.App.--Beaumont
2000, no pet.), Appellant argues that he was not required to use his turn
signal because he safely turned from the roadway into a private driveway as
required by Section 545.103(a), and did not make a right hand Aturn@
at an Aintersection@ as those terms are employed in
Sections 545.104(a) and 545.101(a),[1]
respectively.  In Trahan, the
defendant was stopped after he exited a freeway without giving a turn
signal.  During the ensuing detention,
the officer discovered that the defendant was in possession of a controlled substance.  Trahan filed a motion to suppress the
evidence seized as a result of his detention on the ground that the stop of his
vehicle was invalid.  He argued that his
failure to give a turn signal when he exited the freeway did not violate either
Section 545.103 or Section 545.104 of the Transportation Code.  The State, on the other hand, took the
position that the failure to give a turn signal, in and of itself, is a traffic
offense.  The trial court denied the
motion to suppress.

Construing
Section 545.104 as applying only to a ninety degree turn at an intersection,[2]
the court of appeals found that there was no evidence that Trahan Aturned@
or changed lanes in order to exit the freeway, and therefore, Section 545.104
did not apply.  Trahan, 16 S.W.3d at 147. 
Instead, the court found that Trahan did nothing more than move right or
left in the roadway, thereby implicating only Section 545.103.  Id. 
Given the absence of any evidence that Trahan=s
exit from the freeway was unsafe, the court found that no lawful basis existed
for the stop.  Id.








We
decline to apply Trahan for two reasons. 
First, the stipulated evidence here showed that Appellant failed to
signal a right hand turn when he turned his vehicle from the public roadway
into the private driveway.  Thus, we are
not presented with a case where the operator only moved the vehicle to the
right or left in the roadway.  Second, we
disagree with Trahan and a subsequent decision in State v. Zeno,
44 S.W.3d 709, 712 (Tex.App.--Beaumont 2001, pet. ref=d)[3]
to the extent they hold that a turn signal is legally required only when making
a ninety degree turn at an intersection of cross streets or when the operator
turns to move in the opposite direction when approaching a curve or the crest
of a grade.  Under this interpretation, a
driver would not be required by law to signal an intention to turn from a
public roadway into a driveway, alley, or any public or private parking lots
and businesses because none of these turns involves turning at an intersection
of cross streets.  By its plain language,
Section 545.104 applies whenever the driver has an Aintention
to turn.@  The statute contains no limiting reference to
Section 545.101 nor is there any other indication that Section 545.104 applies
only to ninety degree turns made at an intersection of cross streets.  Although Trahan states that the only
types of turns discussed in Chapter 545 are those at intersections and when
making a 180 degree turn on a curve or the crest of a grade, Section 545.103
specifically discusses turning a vehicle to enter a private road or driveway
and turning the vehicle from a direct course.  Thus, we construe Section 545.104 as applying
to any of these turns.  

Our
construction of Section 545.104 is supported by consideration of former Section
68(a) of Article 6701d, which provided as follows:

No person shall turn
a vehicle at an intersection unless the vehicle is in proper position upon the
roadway as required in Section 65, or turn a vehicle to enter a private road or
driveway, or otherwise turn a vehicle from a direct course or move right or
left upon a roadway unless and until such movement can be made with
safety.  Except under conditions set out
in Section 24(a) no person shall so turn any vehicle without giving an
appropriate signal in the manner hereinafter provided.  [Emphasis added].

 

Acts 1947, 50th
Leg., R.S., ch. 421, 1947 Tex.Gen.Laws 967, 979.








Under
the former law, an operator was required to signal an intention to turn when
moving right or left upon a roadway and when turning into a private road or
driveway, and not only when turning at an intersection.  When the Legislature codified the former law,
it separated the requirement of making certain turns safely from the
requirement of signaling an intention to turn. 
However, we see no indication in Sections 545.103 or 545.104 that the
Legislature intended to change the law such that a person is now required to
only signal a turn at intersections and when turning around near a curve or
grade.  If the Legislature had intended
such a drastic change in the law, it would have specifically restricted the
application of Section 545.104 to these circumstances rather than stating
broadly that a driver must Aindicate
an intention to turn.@


Moreover,
Trahan and Zeno may also be read as holding that Sections 545.103
and 545.104 are mutually exclusive.  In
our view, the provisions of Chapter 545 are not mutually exclusive but are
complementary such that a driver has a duty to not only signal an intention to
turn, he must also make his turn safely. 
These two requirements serve different goals and we find no intention on
the part of the Legislature to render them mutually exclusive.

Under
our construction of Section 545.104, Appellant was required to signal his
intention to turn into the private driveway. 
Having failed to do so, he committed a traffic violation in the view of
the arresting officer, and therefore, probable cause existed to support the
stop.  Finding no error, we overrule
Appellant=s sole
issue and affirm the judgment of the trial court.

 

 

August 29, 2002

                                                                        


ANN CRAWFORD McCLURE, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.

 

(Publish)











[1]  Section
545.101 pertains to turning at an intersection. 
Tex.Transp.Code Ann. '
545.101.





[2]  The
transportation code defines Aintersection@ as the
common area at the junction of two highways, other than the junction of an
alley and a highway.  Tex.Transp.Code Ann. '
541.303.





[3]  In Zeno,
the court of appeals found that Section 545.104 applied where the defendant
made a ninety degree turn at a yield sign. 
Zeno, 44 S.W.3d at 712.