TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00206-CR







Anthony Lynn Falco, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT


NO. 07-942-K368, HONORABLE BURT CARNES, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



At a bench trial, appellant Anthony Lynn Falco was adjudged guilty of driving while
intoxicated, felony offense. See Tex. Penal Code Ann. § 49.04(a) (West 2003), § 49.09(b)(2)
(West Supp. 2008). The court found that appellant had four previous felony convictions and
assessed his punishment at sixty years' imprisonment. Appellant brings forward two points of error
by which he contends that his motion to suppress evidence should have been granted because the
traffic stop leading to his arrest was unlawful, and because the search warrant used to obtain a
sample of his blood was defective. We overrule these contentions and affirm the conviction.

A trial court's ruling on a motion to suppress is reviewed for an abuse of discretion. 
State v. Dixon, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). This means that the ruling will be
upheld if it is reasonably supported by the record and is correct under any applicable legal theory.  Id. 
The trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to
be given their testimony. State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000);
Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give the trial court almost
complete deference in determining historical facts, but we review de novo the trial court's
application of the law to those facts. Carmouche v. State, 10 S.W.3d 323, 327
(Tex. Crim. App. 2000).

Round Rock Police Officer Aaron Mitchell testified that appellant came to his
attention on the night of June 22, 2007, when he saw a pickup truck traveling west on Palm Valley
turn right onto northbound North Mays without signaling. Mitchell testified that before initiating
the stop, he also saw the truck move from the right lane to the left lane of North Mays without
signaling and traveling in both the right and left lanes simultaneously. Mitchell testified that he
stopped the truck for three observed traffic offenses: turning without signaling, changing lanes
without signaling, and failing to maintain a single lane. 

Appellant was the driver of the truck. Mitchell testified that as he spoke to appellant
after the stop, he noticed that appellant's speech was slurred, his eyes were glassy and bloodshot, and
his breath smelled of alcoholic beverage. When appellant got out of the truck, the officer saw that
he was unsteady on his feet and placed his hand on the truck to maintain his balance. Mitchell
administered the standard field sobriety tests, all of which confirmed his initial impression that
appellant was intoxicated.

Mitchell arrested appellant for driving while intoxicated and transported him to the
police station. Appellant refused to submit a specimen of his breath for testing. Accordingly,
Mitchell prepared a warrant affidavit and presented it to a magistrate, who issued a search warrant
to obtain a sample of appellant's blood. The sample was taken that night, and subsequent testing
showed that appellant's blood alcohol level was 0.17.

A traffic stop is a constitutional seizure analogous to a temporary investigative
detention. See Berkemer v. McCarty, 468 U.S. 420, 439 (1984). An officer may initiate a traffic
stop if he reasonably suspects that there has been a violation of the law. Ford v. State,
158 S.W.3d 488, 492 (Tex. Crim. App. 2005). Appellant contends that Mitchell's observations did
not reasonably warrant the officer's suspicion that traffic laws had been violated.

The first alleged offense seen by the officer was appellant's failure to signal his turn
from Palm Valley onto North Mays. The transportation code provides that the operator of a motor
vehicle must signal to indicate an intention to turn, change lanes, or start from a parked position. 
Tex. Transp. Code Ann. § 545.104(a) (West 1999). An operator intending to turn right or left must
signal continuously for the last 100 feet of movement before the turn. Id. § 545.104(b). 

Appellant does not deny that he failed to signal the turn. He argues, however, that
he was not required to do so. Citing opinions by the Beaumont Court of Appeals, appellant contends
that section 545.104 applies only to ninety-degree turns and asserts that the turn he made from Palm
Valley onto North Mays was not a ninety-degree turn. See Trahan v. State, 16 S.W.3d 146, 147
(Tex. App.--Beaumont 2000, no pet.) (holding that ninety-degree turn onto cross street is type of
turn contemplated by section 545.104); see also State v. Zeno, 44 S.W.3d 709, 712
(Tex. App.--Beaumont 2001, pet. ref'd) (reaffirming Trahan court's reading of code). But
see Reha v. State, 99 S.W.3d 373, 376 (Tex. App.--Corpus Christi 2003, no pet.) (disapproving
Beaumont opinions and holding that statute applies to all turns regardless of degree); Krug v. State,
86 S.W.3d 764, 766-67 (Tex. App.--El Paso 2002, pet. ref'd) (same). We need not decide whether
section 545.104 applies to turns of other than ninety degrees because the evidence shows that
contrary to appellant's contention, his turn from Palm Valley onto North Mays was a
ninety-degree turn.

Defense exhibit 1 is a drawing of the intersection in question. It shows that Palm
Valley (running east and west) and North Mays (running north and south) intersect at a ninety-degree
angle. The drawing also shows, and this was confirmed by Mitchell's testimony, that a driver
turning right from Palm Valley onto North Mays does not have to enter the intersection, which is
controlled by a traffic light, but may (as appellant did) use a short turn lane that permits him to "cut
the corner." Entry onto North Mays from this turn lane is controlled by a yield sign. (1) 

Appellant's use of the turn lane does not mean that he did not make a ninety-degree
turn. Appellant made a single turn, from Palm Valley onto North Mays. Those streets intersect at
a ninety-degree angle. Before turning, appellant was traveling west on Palm Valley. After turning,
he was traveling north on North Mays, a ninety-degree change of direction. The turn lane did not
change the angle of the turn; it merely rounded the turn and bypassed the light to facilitate the flow
of traffic. The evidence shows that appellant made a ninety-degree turn at an intersection without
signaling the turn, a violation of section 545.104 even under his interpretation of the statute. (2) 
Because Mitchell was authorized to stop appellant for this offense, we need not decide whether the
stop was justified by the officer's other observations. Point of error one is overruled.

In his second point of error, appellant urges that the search warrant pursuant to which
the blood sample was seized was defective because it did not properly describe the blood. Appellant
relies on the opinion of the court of criminal appeals holding that blood is "an item of evidence" for
which an evidentiary search warrant may issue. Gentry v. State, 640 S.W.2d 899, 902
(Tex. Crim. App. 1982); see Tex. Code Crim. Proc. Ann. art. 18.02(10) (West 2005) (authorizing
search warrants for "property or items . . . constituting evidence of an offense"). Appellant contends
that the search warrant was defective because it described the blood to be seized as "property" rather
than as an "item."

An evidentiary search warrant must specifically describe the property or items to be
searched for and seized. See Tex. Code Crim. Proc. Ann. art. 18.01(c) (West Supp. 2008). The
search warrant in this case ordered the seizure of "the property described in said Affidavit, to-wit:
human blood from the body of an individual named Anthony Lynn Falco, who is described as a
White, Male, born on 6/15/54, approximately 5'11", 165 lbs in weight, with brown hair and blue
eyes." What is significant in this description is what follows the colon, that is, the description of the
evidence to be seized as human blood from a particularly named and described person. 

Although it may be more accurate to refer to blood as an "item of evidence" rather
than as "property," the code authorizes the seizure of either as evidence. Appellant does not question
the sufficiency of the affidavit's showing of probable cause to seize his blood pursuant to
article 18.02(10). The search warrant's reference to appellant's blood as "property" did not affect
the adequacy of the description or otherwise render the warrant invalid. Point of error
two is overruled.

The judgment of conviction is affirmed.


 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: February 11, 2009

Do Not Publish
1. Contrary to the suggestion in appellant's brief, the presence of a yield sign rather than a stop
sign or traffic light is of no significance even under the authorities on which he relies. See State
v. Zeno, 44 S.W.3d 709, 712 (Tex. App.--Beaumont 2001, pet. ref'd) (holding that section 545.104
applied to turn at ninety-degree intersection controlled by yield sign). 
2. The facts of this case are distinguishable from those in Trahan, where the defendant failed to
signal before exiting a freeway. See Trahan v. State, 16 S.W.3d 146, 147 (Tex. App.--Beaumont
2000, no pet.).