In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-00249-CR


____________________



TERHEATHYR CHARL CARTER, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the County Court at Law No. 4


Montgomery County, Texas


Trial Cause No. 07-231476






 MEMORANDUM OPINION


 Terheathyr Charl Carter appeals from her conviction for driving while intoxicated.
After Carter entered a negotiated guilty plea, the trial court found her guilty and assessed
punishment at 180 days' confinement and a fine of $300. The court then suspended Carter's
sentence and placed her on community supervision. In a single appellate issue, Carter
contends the trial court erred in denying her motion to suppress. We affirm. 


 At the hearing on Carter's motion to suppress, Trooper Jay Smith with the Texas
Department of Public Safety testified that at approximately 2:55 a.m. on June 17, 2007, he
observed Carter's vehicle change "from the middle lane [of a three-lane feeder road] to the
far left lane[,]" without using her signal. Trooper Smith further testified that all of the lanes
were clearly marked and that Carter "crossed a clearly marked line[.]" Trooper Smith then
stopped Carter for making the lane change without using a signal.

 On appeal, Carter argues that the Texas Transportation Code does not authorize a
traffic stop for the driver's failure to signal a lane change and that no probable cause existed
for her detention and ultimate arrest for driving while intoxicated. Carter asserts the trial
court abused its discretion by overruling her motion to suppress the evidence obtained as a
result of the stop.

 We review the trial court's ruling on a motion to suppress evidence for abuse of
discretion. State v. Dixon, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). As Dixon explains:

 We view the record in the light most favorable to the trial court's conclusion
and reverse the judgment only if it is outside the zone of reasonable
disagreement. We will sustain the lower court's ruling if it is reasonably
supported by the record and is correct on any theory of law applicable to the
case. We give almost total deference to a trial court's express or implied
determination of historical facts and review de novo the court's application of
the law of search and seizure to those facts. 

Id. (citations omitted).


 To support her argument that the trial court abused its discretion in denying her
motion to suppress, Carter relies on section 545.060 of the Texas Transportation Code and
Trahan v. State, 16 S.W.3d 146 (Tex. App.-Beaumont 2000, no pet.). In pertinent part,
section 545.060 provides that when driving on a road divided into two or more clearly
marked lanes, the vehicle operator: "(1) shall drive as nearly as practical entirely within a
single lane; and (2) may not move from the lane unless that movement can be made safely."
Tex. Transp. Code Ann. § 545.060(a) (Vernon 1999). In Trahan v. State, Trahan was
stopped after he failed to signal when he exited from the freeway. 16 S.W.3d at 147. We
concluded the stop was improper because there was no evidence that Trahan violated section
545.104(a) of the Texas Transportation Code by turning or changing lanes when he exited
the freeway. See id. Section 545.104(a) requires a motorist to signal to "indicate an intention
to turn, change lanes, or start from a parked position." Tex. Transp. Code Ann. §
545.104(a) (Vernon 1999).

 A police officer may lawfully stop a motorist who commits a traffic violation. Garcia
v. State, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992). Section 545.104(a) requires a driver
to use a signal when changing lanes, and a violation of this section is a misdemeanor offense.
Tex. Transp. Code Ann. §§ 542.301 (misdemeanor offense), 545.104(a) (Vernon 1999).
Thus, when an officer observes a driver change lanes without a proper signal, the officer has
probable cause to conduct a traffic stop. E.g., Coleman v. State, 188 S.W.3d 708, 716-17
(Tex. App.-Tyler 2005, pet. ref'd); Dogay v. State, 101 S.W.3d 614, 618 (Tex.
App.-Houston [1st Dist.] 2003, no pet.).

 Contrary to Carter's argument, section 545.060 does not allow a motorist to change
lanes without signaling; rather, it adds another requirement, namely that the motorist may not
change lanes unless he can do so safely. See Tex. Transp. Code Ann. §§ 545.060(a),
545.104(a); Coleman, 188 S.W.3d at 717 (refusing to adopt construction limiting signal
requirement only to unsafe lane changes). Further, Trahan does not apply here because there
was no evidence of a lane change in that case. See Trahan, 16 S.W.3d at 147.

 In this case, the evidence at the suppression hearing showed that Trooper Smith saw
Carter change lanes without signaling. Under these circumstances, the trial court did not
abuse its discretion in denying Carter's motion to suppress. Accordingly, we overrule
Carter's issue and affirm the trial court's judgment. 

 AFFIRMED.


 ____________________________

 HOLLIS HORTON

 Justice


Submitted on March 4, 2009

Opinion Delivered March 18, 2009

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.