COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| VICTOR JESUS VENEGAS, | § | No. 08-09-00243-CR |
| Appellant, | § | Appeal from the |
| V. | § | County Criminal Court at Law No. 2 |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20080C01975) |
| | § | |
| | § | |

**O P I N I O N**

Victor Venegas was convicted of driving while intoxicated (DWI), second. Appellant

pled guilty, and the court sentenced him to one year confinement, probated for fifteen months,

assessed a fine of $1,000, and ordered him to complete eighty hours community service. On

appeal, Appellant raises a single issue in which he argues that the trial court abused its discretion

in denying his motion to suppress.

On January 15, 2008, Officers Sergio Hernandez and David Camacho were approaching

the intersection of North Loop and Yarbrough Avenue in their patrol vehicle when they observed

the vehicle in front of them move into the "right turn only lane" without signaling, and then turn

right onto Yarbrough, again without signaling. The officers initiated a traffic stop based on

Appellant's failure to signal, and after further investigation, arrested Appellant for DWI.

Appellant filed a motion to suppress evidence of his intoxication, arguing that the stop

was not supported by reasonable suspicion. The trial court heard evidence and argument on the

motion June 24, 2008. At the hearing, Officer Hernandez testified that the intersection of North

Loop and Yarbrough is controlled by a traffic light. The intersection has a dedicated right turn

lane, permitting drivers to navigate from westbound North Loop onto Yarbrough by yielding to oncoming traffic, rather than requiring a full stop at the light. He explained that failing to signal before making a right turn is a ticketable offense, regardless of the presence of a dedicated turn lane, and that Appellant's failure to signal his intent to turn right onto Yarbrough was the basis for the stop.

Officer Camacho also testified that drivers are required to signal their intent to make a right turn regardless of the type of intersection, or the presence of a dedicated right turn lane. He also explained that he and Officer Hernandez pulled Appellant over after they witnessed him commit a traffic violation by failing to signal his intent to turn right onto Yarbrough. No additional witnesses testified at the hearing.

The trial court denied the motion by written order on July 2, 2008. Pursuant to Appellant's request, the court made the following finding of fact and conclusions of law:

### FINDINGS OF FACT

1. On or about January 15th, 2008 [Officer Hernandez] and [Officer Camacho] . . . observed [Appellant] driving a motor vehicle in a public place in El Paso County, Texas;

2. The officers, while on patrol and behind [Appellant's] vehicle observed [Appellant] fail to signal his intent to turn right onto Yarbrough Avenue. The Court further finds that the officers testified that they were behind the vehicle for approximately 100 feet;

3. The Court further finds that the intersection of the alleged violation was at a controlled intersection;

4. The Court further finds that upon observing the violation, the officers then initiated their overhead lights to stop [Appellant].

### CONCLUSIONS OF LAW

1. Officers Hernandez and Camacho specifically articulated sufficient facts in characterizing [Appellant's] driving as a violation of the Transportation

Code;

2.      The officers executed a valid and reasonable stop of [Appellant's] vehicle;

3.      Sufficient probable cause existed to detain [Appellant].

In his sole issue on appeal, Appellant contends that the trial court abused its discretion by denying his motion to suppress because his failure to use his turn signal in the "right-turn-only lane" was not a traffic violation and therefore did not give the officers a legal basis to initiate the traffic stop.

We review a trial court's ruling on a motion to suppress for an abuse of discretion. *Oles v. State*, 993 S.W.2d 103, 106 (Tex.Crim.App. 1999). While we will defer to the trial court's determination of historical facts where they find support in the record, we must review questions of law *de novo*. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). Similarly, when a mixed question of law and fact does not turn on an evaluation of witness credibility and demeanor, we will apply a *de novo* standard. *See id*. Ultimately, however, a suppression ruling will stand unless if falls outside the bounds of reasonable disagreement. *See Janecka v. State*, 937 S.W.2d 456, 462 (Tex.Crim.App. 1996).

Generally, the decision to stop an automobile is lawful when the police have probable cause to believe that a traffic violation has occurred. *Walter v. State*, 28 S.W.3d 538, 543 (Tex.Crim.App. 2000). Once a valid traffic stop is made, officers are entitled to take certain actions to ensure their own safety and to verify that the driver is properly licensed and is not the subject of an outstanding warrant. *See Davis v. State*, 947 S.W.2d 240, 245 (Tex.Crim.App. 1997). To accomplish these goals, the officer is permitted to question the driver regarding ownership of the vehicle, the driver's destination, and the purpose of the trip. *See Powell v. State*, 5 S.W.3d 369, 377 (Tex.App.--Texarkana 1999, pet. ref'd). If during the course of this

contact with the defendant, the officer develops a reasonable suspicion that criminal activity is occurring, a continued detention is justified for further investigation. *Zervos v. State*, 15 S.W.3d 146, 151 (Tex.App.--Texarkana 2000, pet. ref'd). An officer may rely on all the facts ascertained in the course of his contact with the defendant to develop articulable facts that would justify a continued detention. *Sims v. State*, 98 S.W.3d 292, 295 (Tex.App.--Houston [1st Dist.] 2003, pet. ref'd).

Section 545.104 of the Texas Transportation Code states in relevant part:

(b)     An operator intending to turn a vehicle right or left shall signal continuously for not less than the last 100 feet of movement of the vehicle before the turn.

TEX.TRANSP.CODE ANN. § 545.104(b)(West 2011).

Appellant does not challenge the evidence that he failed to signal his intent to turn, rather he argues that he was not required to do so. Citing to the Texas Court of Appeals recent decision in *Mahaffey v. State*, 316 S.W.3d 633 (Tex.Crim.App. 2010), Appellant contends he was not making a "right turn" onto Yarbrough, but was simply following the course of the roadway, which under the *Mahaffey* decision's interpretation of Section 545.104(a), does not require a signal under Texas law. *See Mahaffey*, 316 S.W.3d at 643.

The issue before the Court in *Mahaffey* was whether a "merge" constituted a "turn" and therefore required the use of a turn signal under the Texas Transportation Code.[1] *Id*. at 637. In its analysis of Section 545.104, the Court noted that the Transportation Code does not define what types of maneuvers constitute a "turn" under Texas law. *Mahaffey* 316 S.W.3d at 638.

---

[1] In the introduction to the opinion, the Court framed the inquiry as whether a driver, "who passes a traffic sign that states, 'Lane Ends, Merge Left,' and who merges left after the right pane ends- that is, where the broken dividing lines between the two lanes cease and the line dividing the right-hand lane from the shoulder angles inward," violated the Transportation Code by failing to signal. *Mahaffey*, 316 S.W.3d at 634.

Reading Section 545.104 in context of surrounding Sections 545.103 and 545.106, the Court noted that although, "all movements right or left on the roadway must be made safely, but only some-turns, lane changes, or starts from a parked position–require a signal." *Mahaffey*, 316 S.W.3d at 643. Under the facts presented in *Mahaffey*, the Court concluded the act of, "simply following the 'direct course' of the road and of the traffic on that winding road," did not fall withing the definition of "turn" as used by the cited sections of the Transportation Code. *Id*. at 639. In other words, a driver who is required to merge because the lane he is traveling in ends, has not made a "turn" as contemplated by the Code and therefore is not required to signal. *See Mahaffey*, 316 S.W.3d at 638-39.

During the suppression hearing, prior to the *Mahaffey* decision, defense counsel relied on the Beaumont Court of Appeals' decision in *Trahan v. State*, 16 S.W.3d 146 (Tex.App.--Beaumont 2000, no pet.). The issue in *Trahan* was whether a traffic stop was justified, and the defendant's motion to suppress properly denied, by the appellant's failure to use his turn signal when exiting the freeway. *See Trahan*, 16 S.W.3d at 147. Based on an analysis under Section 545.104(a), the reviewing court reversed the trial court's ruling and remanded the case concluding, that there was no evidence that Trahan "turned" or changed lanes in order to exit the freeway. *Id*. The court went on to explain that, "the code does not equate moving right or left to a 'turn,'" and noted that the only condition placed on a driver for moving right or left is that the maneuver be made safely.[2] *Trahan*, 16 S.W.3d at 147, *citing* TEX.TRANSP.CODE ANN. § 545.103.

Returning to the record before us, we are left to determine whether Appellant's actions, as

_____

[2] The *Trahan* decision is cited with approval in *Mahaffery*. *See Mahaffery*, 316 S.W.3d at 639 n.28.

testified to by Officers Hernandez and Camacho, is properly considered a "turn" or a "merge." Appellant asks us to conclude that because he was in a dedicated right-turn lane, the facts are analogous to *Mahaffey* or *Trahan*, and that he was not required to use his turn signal. He makes an interesting argument but here the alleged traffic violation occurred at an intersection. In addition, there is no dispute that at the intersection Appellant did not follow the "direct course" of North Loop, but rather turned to proceed on another roadway. We decline to find that it was an abuse of discretion for the trial court to hold that Appellant's failure to signal his intent to turn was a violation of the Transportation Code, and provided the officers with lawful basis to initiate a traffic stop. Accordingly, the trial court could not abuse its discretion by denying Appellant's motion to suppress. Issue One is overruled.

Having overruled Appellant's sole issue presented for review, we affirm the trial court's judgment.

June 30, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)