# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00565-CR

**Gibson Donald Lewis, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 8 OF TRAVIS COUNTY, NO. C-1-CR-09-211254, HONORABLE CARLOS BARRERA, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Gibson Donald Lewis was arrested for driving while intoxicated. *See* Tex. Penal Code § 49.04(a) (prohibiting "operating a motor vehicle in a public place" if individual is intoxicated); *see also id.* § 49.01(2) (defining "[i]ntoxicated"). Subsequently, Lewis filed a motion to suppress contending that his arrest was illegal. In response, the trial court convened a hearing regarding the motion and ultimately denied the motion. Shortly after the trial court made its ruling, Lewis entered a plea of nolo contendere. *See* Tex. Code Crim. Proc. art. 27.02(5) (explaining that plea of nolo contendere has same legal effect as guilty plea). Once Lewis entered his plea, the trial court found Lewis guilty and imposed a sentence of 4 days' confinement. *See* Tex. Penal Code § 49.04(b) (providing that offense is class B misdemeanor); *see also id.* § 12.22 (stating that punishment for Class B misdemeanor cannot exceed 180 days). Lewis appeals the trial court's ruling on his motion to suppress. We will affirm the trial court's judgment of conviction.

**STANDARD OF REVIEW**

Appellate courts review a trial court's ruling on a motion to suppress for an abuse of discretion. *Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010); *see also Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009) (noting that trial court abuses its discretion if its decision lies outside zone of reasonable disagreement); *State v. Mechler*, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005) (explaining that trial court abuses its discretion when its ruling is unreasonable or arbitrary). During the suppression hearing, the trial court is the exclusive judge of the credibility of the witnesses and the weight to be given to their testimony. *St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007). When reviewing a trial court's ruling on a motion to suppress, appellate courts apply a bifurcated standard of review. *Wilson v. State*, 311 S.W.3d 452, 457-58 (Tex. Crim. App. 2010). Under that standard, reviewing courts defer to the trial court's determinations regarding historical facts "if supported by the record," *Wade v. State*, 422 S.W.3d 661, 666 (Tex. Crim. App. 2013), but review de novo the court's application of the law to those facts, *Wilson*, 311 S.W.3d at 458. Similarly, appellate courts give almost total deference to rulings on mixed questions of law and fact if the resolution of those questions depends on an evaluation of credibility and demeanor but review de novo mixed questions of law and fact that are not dependent on an evaluation of credibility and demeanor. *State v. Johnston*, 336 S.W.3d 649, 657 (Tex. Crim. App. 2011). Moreover, all purely legal questions are reviewed de novo. *Id.*

**DISCUSSION**

In his sole issue on appeal, Lewis contends that the trial court erred by denying his motion to suppress. Specifically, Lewis contends that the traffic stop, which led to his arrest, was

improper.[1]  When making this argument, Lewis contends that his decision to change lanes and "proceed straight across the intersection . . . did not constitute" a traffic violation and, therefore, could not have served as the basis for the stop.  In addition, Lewis urges that he only changed lanes "when it was safe to do so."[2]

When deciding whether the trial court's ruling should be upheld, we must bear in mind that Lewis is only challenging the propriety of the initiation of the traffic stop.  Accordingly, in resolving this case, we must decide whether the warrantless investigative detention at issue was supported by reasonable suspicion.  *See Guerra v. State*, 432 S.W.3d 905, 911 (Tex. Crim. App. 2014).  A police officer may detain an individual for the purpose of determining whether the individual may be involved in criminal activity.  *See id.*  However, before initiating a traffic stop, the officer must have reasonable suspicion that a crime is about to be committed or was committed. *Id.*; *see Woods v. State*, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997) (concluding that officer may briefly detain person for investigative purposes if officer has reasonable suspicion, under totality of circumstances, to believe that person has been, is, or will be engaged in criminal activity).  For

---

[1] In his brief, Lewis contends that his motion to suppress should have been granted because the police did not have probable cause to initiate the traffic stop.  However, to initiate a traffic stop, an officer need only have reasonable suspicion that the individual stopped may have been involved in criminal activity.  *See Guerra v. State*, 432 S.W.3d 905, 911 (Tex. Crim. App. 2014).

[2] As support for his argument, Lewis primarily relies on *Mahaffey v. State*, 364 S.W.3d 908 (Tex. Crim. App. 2012), and *Trahan v. State*, 16 S.W.3d 146 (Tex. App.—Beaumont 2000, no pet.). However, neither of those cases deals with circumstances similar to those present here.  *See Mahaffey*, 364 S.W.3d at 914-15 (deciding that reasonable suspicion did not exist where defendant did not use turn signal when his lane merged with another); *Trahan*, 16 S.W.3d at 147 (concluding that in light of evidence presented, failure to use turn signal when leaving highway was not proper "basis for the stop").  As will be detailed more thoroughly above, in this case, the police officers observed Lewis drive straight through an intersection even though he was in a right-turn-only lane.

reasonable suspicion to exist, it is not necessary that an actual violation occurred; rather, all that is necessary is that "the officer reasonably believed that a violation was in progress." *Green v. State*, 93 S.W.3d 541, 545 (Tex. App.—Texarkana 2002, pet. ref'd); *see Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000) (explaining that officer may briefly detain person for investigative purposes on less than probable cause where specific and articulable facts along with inferences from those facts reasonably warrant detention). "[I]n assessing whether the intrusion was reasonable, an objective standard is utilized: would the facts available to the officer at the moment of the seizure or search warrant a man of reasonable caution in the belief that the action taken was appropriate." *Davis v. State*, 947 S.W.2d 240, 243 (Tex. Crim. App. 1997). If a traffic stop is based on reasonable suspicion, then the detention "does not violate Texas law." *Guerra*, 432 S.W.3d at 911.

During the suppression hearing, the two officers who initiated the traffic stop, Officer Richard Hubbard and Officer Stephen Nash, both testified. In his testimony, Officer Hubbard explained that at approximately 10:30 p.m. on the night in question, he observed Lewis stopped at an intersection in his car in a right-turn-only lane and then watched Lewis drive straight through the intersection when the light turned green. Morever, Officer Hubbard related that there was a sign above the intersection as well as a marker on the lane that Lewis was in stating that the right lane was a turn-only one. Officer Hubbard also mentioned that there were no obstacles in the roadway that would have interfered with Lewis's ability to turn right. In his testimony, Officer Hubbard agreed that there was no car in the straight-only lane, that there was no other traffic at the time, and that when Lewis proceeded straight, he essentially made a single-lane change in the intersection; however, Officer Hubbard also explained that Lewis's actions still constituted a traffic offense

4

because he failed to comply with a traffic-control device. *See* Tex. Transp. Code § 544.004(a) (explaining that failure to comply with "official traffic-control device" is traffic offense); *see also id.* § 542.301 (providing that "person commits an offense if the person performs an act prohibited or fails to perform an act required by this subtitle"). In addition, Officer Hubbard testified that after observing Lewis drive straight through the intersection rather than turn, he initiated the traffic stop.

After Officer Hubbard completed his testimony, Officer Nash testified regarding his observations on the night in question. Officer Nash's testimony was generally consistent with that of Officer Hubbard. In particular, when describing the events leading up to the traffic stop, he explained that he noticed Lewis in the right-turn-only lane but that Lewis drove straight through the intersection when the light turned green. In addition, he also related that there was a sign in the intersection stating that the lane that Lewis was in was only for making right turns and that there were no obstructions in the roadway. However, Officer Nash did testify that although he did not specifically recall, he did not "doubt that there were people walking across the crosswalk."

During the hearing, several exhibits were admitted into evidence, including two photographs of the intersection. The first photo shows a sign above the intersection indicating that the right lane at issue was for right-turns only. The second photo details markings on the actual roadway also indicating that the right lane was for turning only. In addition, the second photo also showed a solid white line separating the right-turn lane from the straight-only lane.

In light of the governing standard of review and given the testimony presented as well as the exhibits that were admitted during the hearing, we conclude that Lewis's traffic stop was supported by reasonable suspicion that Lewis had committed a traffic offense. *See Kortemier v.*

5

*Texas Dep't of Pub. Safety*, No. 05-08-01182-CV, 2009 Tex. App. LEXIS 5247, at *6, *9 (Tex. App.—Dallas July 9, 2009, no pet.) (mem. op.) (affirming administrative law judge's determination that officer had reasonable suspicion to stop defendant where, among other things, defendant did not comply with traffic-control device); *cf. Green*, 93 S.W.3d at 546 (explaining that officer observing driver in left-hand lane in violation of sign stating that left lane was for passing only provided reasonable suspicion to initiate traffic stop and noting that although defendant may have identified potential ambiguity regarding which Transportation Code directive applied, inquiry is not whether actual violation occurred but whether there was reasonable suspicion of violation). Accordingly, we conclude that the trial court did not abuse its discretion by denying Lewis's motion to suppress and, therefore, overrule his issue on appeal.

## CONCLUSION

Having overruled Lewis's issue on appeal, we affirm the trial court's judgment of conviction.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed:  September 17, 2014

Do Not Publish