**Affirmed and Opinion filed November 20, 2018.**



In The

# Fourteenth Court of Appeals

NO. 14-17-00755-CR

**CHRISTOPHER DOLL SPECK, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 337th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1530550**

## OPINION

If a person is driving in a lane that is not an "Exit Only" lane, but the lane connects with an optional exit ramp, must the person use a signal to indicate his intention to take the optional exit? Our answer is "yes." Because the trial court reached the same conclusion, we affirm the trial court's judgment.

**BACKGROUND**

Appellant was driving northbound on a highway in the early hours of the morning. The northbound side had two lanes of traffic, with an exit ramp attached to the outermost lane. Appellant was in that outermost lane, and he took the attached exit, as illustrated by the following diagram:



An officer initiated a traffic stop because appellant exited the highway without signaling. During the course of the traffic stop, the officer determined that appellant was inebriated. Appellant was then placed under arrest and charged with driving while intoxicated.

Appellant moved to suppress the evidence of his intoxication. He argued that the officer lacked reasonable suspicion to initiate the traffic stop because a signal was not required.

After considering the arguments, the evidence, and "a mishmash of case law," the trial court ruled that a signal was required because appellant had made a "change of roadway course." The trial court accordingly denied the motion to suppress. Based on that ruling, appellant pleaded guilty to the charged offense and filed his notice of appeal.

## ANALYSIS

Appellant now raises three issues in our court, all of which generally challenge the trial court's ruling on his motion to suppress.

We normally review the trial court's ruling on a motion to suppress for an abuse of discretion, but when resolution of the ultimate issue turns on an application of law to undisputed facts, our review is de novo. *See Oles v. State*, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999).

Here, there is no dispute that appellant failed to signal. The entire episode was captured on the officer's dash cam video. The only question then is whether the law required appellant to signal. If a signal was required, then the officer's traffic stop was legal, and the trial court's ruling must be upheld. *See Castro v. State*, 227 S.W.3d 737, 741–43 (Tex. Crim. App. 2007).

3

The signaling statute requires a driver to use a signal "to indicate an intention to turn, change lanes, or start from a parked position." *See* Tex. Transp. Code § 545.104(a). In accordance with the trial court's finding, we need only consider whether appellant "change[d] lanes" within the meaning of this statute.

The statute itself does not define the phrase "change lanes." In the absence of a statutory definition, we give the words in this phrase their plain meaning. *See Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). "Change," in this context, means "to make a shift from one to another." Webster's Ninth New Collegiate Dictionary 225 (9th ed. 1991). "Lane" means "a strip of roadway for a single line of vehicles." *Id.* at 672. When these definitions are combined, the common understanding of to change lanes is to make a shift from one strip of roadway to another.

The undisputed facts establish that appellant was driving in the outermost lane of the highway until he exited without signaling. The outermost lane did not require an exit. Appellant could have continued driving on the direct course of the highway, but instead, he shifted to the exit ramp, which was a separate strip of roadway. On these facts, we conclude that appellant changed lanes because he made a shift from one strip of roadway to another. Due to this lane change, a signal was required.

Appellant disputes this application of the signaling statute. Relying on *Trahan v. State*, 16 S.W.3d 146 (Tex. App.—Beaumont 2000, no pet.) and *Mahaffey v. State*, 364 S.W.3d 908 (Tex. Crim. App. 2012), he argues that a signal is never required when exiting a highway. Neither case supports that argument.

In *Trahan*, the defendant was stopped for exiting a freeway without signaling, and during the course of the traffic stop, he was found to be in possession of contraband. *See Trahan*, 16 S.W.3d at 147. The trial court denied a motion to suppress the contraband, and on appeal, the State defended the trial court's ruling by

4

arguing that the "process of exiting the freeway necessitates a turn by its very nature." *Id.* The court of appeals rejected this reasoning because there was no evidence that the exit taken by the defendant had required a "turn." *Id.* The court of appeals then reversed the trial court's ruling. *Id.*

The court of appeals did not address the meaning of "change lanes," which is the basis of our opinion today. Nor did the court of appeals affirmatively describe the configuration of the freeway and the exit ramp—i.e., whether the freeway lane was an "Exit Only" lane or whether it provided for an optional exit, as in appellant's case.[1] Because of these material differences, we conclude that *Trahan* is not controlling here.

As for *Mahaffey*, that case did not even involve a highway exit. Instead, it involved a merger of two lanes into one. *See Mahaffey*, 364 S.W.3d at 909. Before the merger, the defendant did not cross over any lane dividers or markers. *Id.* at 910. The defendant merely maintained his lane of traffic until the lane ended and he was required to merge. *Id.* The Court of Criminal Appeals held that a signal was not required in that circumstance because there was no lane change. *Id.* at 913 ("As a practical matter, 'changing lanes' require the existence of more than one lane: In order to change lanes from Lane A to Lane B, Lane A must exist. At the time appellant began driving in Lane B, Lane A no longer existed; it had ended, and the roadway had merged into Lane B.").

Appellant contends that "the act of exiting a freeway or highway can be a foreseeable merge into the same lane and should not be considered as lane change,"

---

[1] To our knowledge, no court has opined on whether a signal is required when a driver exits from an "Exit Only" lane. We express no opinion as to that particular question. We merely hold that when a driver has an option of exiting—as appellant did here—a signal must be used when the driver exercises that option. To whatever extent that *Trahan* holds otherwise, we decline to follow it.

as in *Mahaffey*. This comparison is not persuasive. In *Mahaffey*, two separate roadways converged into one, whereas here, a single roadway diverged into two (a continuation of the direct course of the highway, and a separate exit away from the highway).

We conclude that appellant was required to signal his exit from the highway. *See* Tex. Transp. Code § 545.104(a). Because he did not signal his exit, the officer correctly initiated the traffic stop, and the trial court correctly denied the motion to suppress.

**CONCLUSION**

The trial court's judgment is affirmed.


/s/ Tracy Christopher
   Justice


Panel consists of Justices Christopher, Jamison, and Brown.

Publish — Tex. R. App. P. 47.2(b).