NUMBER 13-01-817-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


JASON PAUL REHA , Appellant,



v.



THE STATE OF TEXAS , Appellee.

___________________________________________________________________



On appeal from the County Court at Law No. 1 

of Victoria County, Texas.

__________________________________________________________________



O P I N I O N

Before Chief Justice Valdez and Justices Rodriguez and Dorsey (1)

Opinion by Justice Rodriguez




 Appellant, Jason P. Reha, was charged with the misdemeanor offense of driving while intoxicated (DWI). The trial court
denied his motion to suppress evidence, (2) and Reha subsequently entered a plea of guilty to DWI as part of a plea
agreement. The trial court assessed punishment at 180 days confinement, probated for one year, and a $500.00 fine. By
one point of error, Reha contends the trial court erred in denying his motion to suppress. We affirm.I. Facts

 On July 29, 2001, at approximately 1:50 a.m., Reha was driving southbound in an inside lane on Ben Wilson Street in
Victoria, Texas. Officer Jason Mikeska was following Reha's vehicle when Reha reached the intersection of Ben Wilson
Street and Gayle Street. Reha turned onto Gayle Street, crossing two northbound lanes of traffic. Reha made the turn
without making any type of left turn signal. Believing that a traffic violation occurred, Officer Mikeska turned on his
emergency lights and pulled Reha's vehicle over.

II. Standard of Review

 The controlling issue in this case is whether Officer Mikeska was justified in initially stopping Reha. In a suppression
hearing, the trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given to
their testimony. See State v. Ballard, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999). We afford almost total deference to a
trial court's findings of facts that the record supports, especially when the findings are based on an evaluation of credibility
and demeanor. See Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997);Martinez v. State, 29 S.W.3d 609, 611
(Tex. App.-Houston [1st Dist.] 2000, pet. ref'd). We review de novo mixed questions of law and fact not falling within this
category. Guzman, 955 S.W.2d at 89; Martinez, 29 S.W.3d at 611. Because the issue in this case does not involve a
disagreement about the facts or credibility of the witness, but rather whether the officer had either probable cause or a
reasonable suspicion to stop Reha, we review the trial court's ruling de novo. See State v. Ross, 32 S.W.3d 853, 856 (Tex.
Crim. App. 2000); Guzman, 955 S.W.2d at 89.

III. Analysis

 In his sole point of error, Reha contends the trial court erred in denying his motion to suppress because there was no
evidence of a violation of law that would justify Officer Mikeska's initial stop.

 When a police officer stops a defendant without a warrant and without the defendant's consent, the State has the burden at
a suppression hearing of proving the reasonableness of the stop. Russell v. State, 717 S.W.2d 7, 9-10 (Tex. Crim. App.
1986); Hernandez v. State, 983 S.W.2d 867, 869 (Tex. App.-Austin 1998, pet. ref'd). However, if an actual violation of
law is observed there is probable cause for the traffic stop, and law enforcement officials are free to enforce the laws and
detain a person for that violation. See McVickers v. State, 874 S.W.2d 662, 664 (Tex. Crim. App. 1993).

 Section 545.104 of the transportation code requires an operator to use a turn signal "to indicate an intention to turn, change
lanes, or start from a parked position." Tex. Transp. Code Ann. § 545.104(a) (Vernon 1999). During the suppression
hearing, Officer Mikeska testified that he stopped Reha's vehicle because he made a left turn onto Gayle Street without
using a turn signal.

 When interpreting statutes, we seek to effectuate the intent or purpose of the legislators who enacted them. See Camacho
v. State, 765 S.W.2d 431, 433 (Tex. Crim. App. 1989). If the statute is clear and unambiguous, the plain meaning of the
words should be applied. Hines v. State, 75 S.W.3d 444, 447 (Tex. Crim. App. 2002); Boykin v. State, 818 S.W.2d 782,
785 (Tex. Crim. App. 1991). However, if an application of the plain language would lead to an absurd result the legislature
could not have intended, we may look to extra-textual factors to arrive at a sensible interpretation of the statute. See Hines,
75 S.W.3d at 447; Boykin, 818 S.W.2d at 785-86.

 Relying on two Beaumont Court of Appeals opinions, Reha argues that a turn signal is only required when a turn is one of
ninety degrees. See State v. Zeno, 44 S.W.3d 709 (Tex. App.-Beaumont 2001, pet. ref'd); Trahan v. State, 16 S.W.3d 146
(Tex. App.-Beaumont 2000, no pet.). Because the turn Reha made was somewhere between sixty-five and seventy degrees,
Reha contends that a turn signal was not needed. We disagree.

 Trahan involved a case in which the appellant was stopped for failing to signal when he exited the freeway. Trahan, 16
S.W.3d at 147. The Trahan court concluded that section 545.104(a) did not apply because there was no evidence that the
appellant made a turn or changed lanes to exit the freeway. See id. The Trahan court went on to state, in dicta, "[t]he State
contends it is not necessary that a turn consist of a ninety degree turn onto a cross street. However, a ninety degree turn is
exactly the type of turn contemplated by Subchapter C of the Transportation Code. . . ." Id.

 In Zeno, the appellant was stopped after he failed to signal when turning left at an intersection. See Zeno, 44 S.W.3d at
711. Relying on its holding in Trahan, the court held that because the intersection required the appellant to make a ninety
degree turn to the left or right, the appellant was required to indicate his intention to turn with a signal. See id. at 712.

 We agree with these two opinions that a turn signal is required to make a ninety degree turn. However, we also find that a
signal is required regardless of the degree of the turn. To the extent that these opinions could be read otherwise, we
strongly disagree with them.

 The plain language of section 545.104 requires the driver to signal an intention to turn. See Tex. Transp. Code Ann. §
545.104 (a). There is no limiting language that makes the statute apply only to turns of ninety degrees, nor is there any
other indication that it applies only to ninety degree turns. Krug v. State, 86 S.W.3d 764, 766-67 (Tex. App.-El Paso 2002,
no pet.). Moreover, applying the plain language of section 545.104 does not lead to an absurd result. See Hines, 75 S.W.3d
at 447. Rather, the section provides a clear, bright line rule by which drivers of motor vehicles and police officers charged
with enforcing the laws may operate; i.e., a turn signal is required "to indicate an intention to turn." Tex. Transp. Code
Ann. § 545.104(a). Therefore, we find that when a turn is made, regardless of the degree, a signal is required. See id; see
also Krug, 86 S.W.3d at 766-67 (section 545.104 applies anytime turn made and not limited to situations in which driver
turns at intersections or turning around near a curve or grade). 

 Under our construction of section 545.104, appellant was required to signal his intention to turn onto Gayle Street. Having
failed to do so, appellant committed a traffic violation in view of Officer Mikeska, and therefore, probable cause existed to
support the stop. See McVickers, 874 S.W.2d at 664. Thus, the trial court did not err in denying Reha's motion to suppress. 
Reha's sole point of error is overruled. 

 Accordingly, we affirm the judgment of the trial court.





NELDA V. RODRIGUEZ

Justice



Publish .

Tex. R. App. P. 47.2(b).



Opinion delivered and filed

this 20th day of February, 2003.

 

1. Retired Justice J. Bonner Dorsey assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. Reha filed a motion to suppress evidence obtained after he was pulled over by Officer Jason Mikeska.