In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00080-CR
______________________________


SCOTTIE DEAN LAMBERT, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 277th Judicial District Court
Williamson County, Texas
Trial Court No. 00-752-K277


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â Appellant, Scottie Dean Lambert, has filed a motion seeking to dismiss his appeal. Pursuant
to Tex. R. App. P. 42.2, his motion is granted.
Â Â Â Â Â Â Â Â Â Â Â Â We dismiss the appeal.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Josh R. Morriss, III
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â April 25, 2005
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â April 26, 2005

Do Not Publish



hich, taken together with
rational inferences from those facts, reasonably warrant that intrusion." Davis v. State, 947 S.W.2d
240, 242 (Tex. Crim. App. 1997). "A routine traffic stop resembles an investigative detention." 
State v. Cardenas, 36 S.W.3d 243, 246 (Tex. App.--Houston [1st Dist.] 2001, pet. ref'd). A law
enforcement officer may lawfully stop and detain a person for a traffic violation committed in the
presence of the officer. Garcia v. State, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992); Zervos v.
State, 15 S.W.3d 146, 151 (Tex. App.--Texarkana 2000, pet. ref'd). 

 An objectively valid traffic stop is not unlawful simply because the detaining officer had
some ulterior motive for making it. A "pretext stop" refers to a detention in which an individual is
detained for one offense only because law enforcement officials desired to investigate that individual
for a different offense--for which they did not have valid legal grounds to stop or arrest. Garcia,
827 S.W.2d at 939-40; Randle v. State, 89 S.W.3d 839, 843 (Tex. App.--Houston [1st Dist.] 2002,
pet. ref'd). The Texas Court of Criminal Appeals has rejected the pretext stop doctrine. See
Crittenden v. State, 899 S.W.2d 668, 671 (Tex. Crim. App. 1995); Garcia, 827 S.W.2d 937; see also
Whren v. United States, 517 U.S. 806, 809-10 (1996) (question is whether officer could have made
stop for reason given). Thus, the fact that Pool may have subjectively had another motive for the
detention does not render the detention unreasonable. The Texas Transportation Code provides, "An
operator intending to turn a vehicle right or left shall signal continuously for not less than the last
100 feet of movement of the vehicle before the turn." Tex. Transp. Code Ann. § 545.104(b)
(Vernon 1999). Pool testified he personally observed Walker fail to signal a turn entirely and fail
to signal 100 feet or more before another turn. The trial court had discretion to believe Pool's
testimony over Walker's testimony. A failure to properly signal a turn is sufficient to justify a traffic
stop. See, e.g., Reha v. State, 99 S.W.3d 373, 376 (Tex. App.--Corpus Christi 2003, no pet.); Krug
v. State, 86 S.W.3d 764, 766 (Tex. App.--El Paso 2002, pet. ref'd). Pool had an objectively
reasonable basis to detain Walker--a personally observed violation of the Texas Transportation
Code--and, therefore, had reasonable suspicion to temporarily detain Walker. 

 Because Pool had reasonable suspicion to detain Walker for failing to signal a turn, we affirm
the judgment of the trial court.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: July 15, 2008

Date Decided: July 16, 2008


Do Not Publish

1. Walker does not challenge the actions of Pool after the initial stop. Walker argues merely
that the evidence seized during the stop was tainted by the initial stop's illegality.