

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00029-CR

_____

STEVIE WALKER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Fourth Judicial District Court
Rusk County, Texas
Trial Court No. CR07-148

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Stevie Walker appeals his conviction by a jury for possession of a controlled substance. After observing Walker fail to properly signal two turns, Officer Brian Pool, a police officer with the Henderson Police Department, and Officer Travis Shirley, who was in field officer training, stopped Walker's vehicle. During the temporary detention, Pool discovered that Walker was in possession of a rock of crack cocaine. Walker's sole issue on appeal is that the trial court erred in denying his motion to suppress.

When reviewing a trial court's decision to grant or deny a motion to suppress, we afford almost total deference to a trial court's determination of the historical facts supported by the record, especially when the trial court's fact-findings are based on an evaluation of credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We review questions of law de novo. *Guzman*, 955 S.W.2d at 89; *Oles v. State*, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999).

Walker contends that Pool lacked, at the time of the traffic stop, specific, articulable facts to support a reasonable suspicion Walker was engaged in criminal activity.[1] The trial court conducted a hearing outside the presence of the jury before the trial on the merits. Both Pool and Walker testified at the hearing as follows.

While on patrol, Pool received a dispatch from Officer Chad Taylor. Taylor was conducting surveillance of a residence of a person suspected of selling narcotics. Taylor provided Pool with a

_____

[1]Walker does not challenge the actions of Pool after the initial stop. Walker argues merely that the evidence seized during the stop was tainted by the initial stop's illegality.

description of a vehicle leaving that residence. Pool arrived at the residence just as a vehicle matching that description was leaving. Pool testified that he followed the vehicle for several blocks, during which time the vehicle, which was being driven by Walker, failed to signal a turn "at all" at one intersection. Walker testified he did signal his turn at the first intersection. At another intersection, Pool testified the vehicle "did signal, but not within the required distance, not within 100 feet."

After observing these traffic violations, Pool made a traffic stop. Pool conducted a "pat-down" search and did not discover any weapons. Pool testified he told Walker: "The best thing you can do is to go ahead and give us what you've got illegally in your pocket." Walker testified he interpreted the statement as a command. Walker then handed Pool a "white, off-white" rock from his shirt pocket which was ultimately determined to be crack cocaine. The trial court denied Walker's motion to suppress.

According to Walker, the "first question is whether Taylor had enough information to justify his order to Pool to follow Walker for anticipated traffic offenses." Walker, though, has failed to provide us with any authority that Pool's conduct in following Walker, before the traffic stop, involved a search or a seizure in violation of the Fourth Amendment. We know of none.

Next, Walker challenges the traffic stop as an unreasonable detention. Under *Terry v. Ohio*, 392 U.S. 1 (1968), and its progeny, the police must be able to articulate specific facts that support a reasonable suspicion that the suspect is engaging in, or is about to engage in, criminal activity.

3

"[T]he police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Davis v. State*, 947 S.W.2d 240, 242 (Tex. Crim. App. 1997). "A routine traffic stop resembles an investigative detention." *State v. Cardenas*, 36 S.W.3d 243, 246 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd). A law enforcement officer may lawfully stop and detain a person for a traffic violation committed in the presence of the officer. *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992); *Zervos v. State*, 15 S.W.3d 146, 151 (Tex. App.—Texarkana 2000, pet. ref'd).

An objectively valid traffic stop is not unlawful simply because the detaining officer had some ulterior motive for making it. A "pretext stop" refers to a detention in which an individual is detained for one offense only because law enforcement officials desired to investigate that individual for a different offense—for which they did not have valid legal grounds to stop or arrest. *Garcia*, 827 S.W.2d at 939–40; *Randle v. State*, 89 S.W.3d 839, 843 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). The Texas Court of Criminal Appeals has rejected the pretext stop doctrine. *See Crittenden v. State*, 899 S.W.2d 668, 671 (Tex. Crim. App. 1995); *Garcia*, 827 S.W.2d 937; *see also Whren v. United States*, 517 U.S. 806, 809–10 (1996) (question is whether officer could have made stop for reason given). Thus, the fact that Pool may have subjectively had another motive for the detention does not render the detention unreasonable. The Texas Transportation Code provides, "An operator intending to turn a vehicle right or left shall signal continuously for not less than the last 100 feet of movement of the vehicle before the turn." TEX. TRANSP. CODE ANN. § 545.104(b)

4

(Vernon 1999). Pool testified he personally observed Walker fail to signal a turn entirely and fail to signal 100 feet or more before another turn. The trial court had discretion to believe Pool's testimony over Walker's testimony. A failure to properly signal a turn is sufficient to justify a traffic stop. *See, e.g., Reha v. State*, 99 S.W.3d 373, 376 (Tex. App.—Corpus Christi 2003, no pet.); *Krug v. State*, 86 S.W.3d 764, 766 (Tex. App.—El Paso 2002, pet. ref'd). Pool had an objectively reasonable basis to detain Walker—a personally observed violation of the Texas Transportation Code—and, therefore, had reasonable suspicion to temporarily detain Walker.

Because Pool had reasonable suspicion to detain Walker for failing to signal a turn, we affirm the judgment of the trial court.


                                        Josh R. Morriss, III
                                        Chief Justice

Date Submitted:     July 15, 2008
Date Decided:       July 16, 2008

Do Not Publish