# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-08-00206-CR

---

**Anthony Lynn Falco, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT NO. 07-942-K368, HONORABLE BURT CARNES, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

At a bench trial, appellant Anthony Lynn Falco was adjudged guilty of driving while intoxicated, felony offense. *See* Tex. Penal Code Ann. § 49.04(a) (West 2003), § 49.09(b)(2) (West Supp. 2008). The court found that appellant had four previous felony convictions and assessed his punishment at sixty years' imprisonment. Appellant brings forward two points of error by which he contends that his motion to suppress evidence should have been granted because the traffic stop leading to his arrest was unlawful, and because the search warrant used to obtain a sample of his blood was defective. We overrule these contentions and affirm the conviction.

A trial court's ruling on a motion to suppress is reviewed for an abuse of discretion. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). This means that the ruling will be upheld if it is reasonably supported by the record and is correct under any applicable legal theory. *Id*. The trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to

be given their testimony. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give the trial court almost complete deference in determining historical facts, but we review de novo the trial court's application of the law to those facts. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).

Round Rock Police Officer Aaron Mitchell testified that appellant came to his attention on the night of June 22, 2007, when he saw a pickup truck traveling west on Palm Valley turn right onto northbound North Mays without signaling. Mitchell testified that before initiating the stop, he also saw the truck move from the right lane to the left lane of North Mays without signaling and traveling in both the right and left lanes simultaneously. Mitchell testified that he stopped the truck for three observed traffic offenses: turning without signaling, changing lanes without signaling, and failing to maintain a single lane.

Appellant was the driver of the truck. Mitchell testified that as he spoke to appellant after the stop, he noticed that appellant's speech was slurred, his eyes were glassy and bloodshot, and his breath smelled of alcoholic beverage. When appellant got out of the truck, the officer saw that he was unsteady on his feet and placed his hand on the truck to maintain his balance. Mitchell administered the standard field sobriety tests, all of which confirmed his initial impression that appellant was intoxicated.

Mitchell arrested appellant for driving while intoxicated and transported him to the police station. Appellant refused to submit a specimen of his breath for testing. Accordingly, Mitchell prepared a warrant affidavit and presented it to a magistrate, who issued a search warrant

2

to obtain a sample of appellant's blood. The sample was taken that night, and subsequent testing showed that appellant's blood alcohol level was 0.17.

A traffic stop is a constitutional seizure analogous to a temporary investigative detention. *See Berkemer v. McCarty*, 468 U.S. 420, 439 (1984). An officer may initiate a traffic stop if he reasonably suspects that there has been a violation of the law. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). Appellant contends that Mitchell's observations did not reasonably warrant the officer's suspicion that traffic laws had been violated.

The first alleged offense seen by the officer was appellant's failure to signal his turn from Palm Valley onto North Mays. The transportation code provides that the operator of a motor vehicle must signal to indicate an intention to turn, change lanes, or start from a parked position. Tex. Transp. Code Ann. § 545.104(a) (West 1999). An operator intending to turn right or left must signal continuously for the last 100 feet of movement before the turn. *Id*. § 545.104(b).

Appellant does not deny that he failed to signal the turn. He argues, however, that he was not required to do so. Citing opinions by the Beaumont Court of Appeals, appellant contends that section 545.104 applies only to ninety-degree turns and asserts that the turn he made from Palm Valley onto North Mays was not a ninety-degree turn. *See Trahan v. State*, 16 S.W.3d 146, 147 (Tex. App.—Beaumont 2000, no pet.) (holding that ninety-degree turn onto cross street is type of turn contemplated by section 545.104); *see also State v. Zeno*, 44 S.W.3d 709, 712 (Tex. App.—Beaumont 2001, pet. ref'd) (reaffirming *Trahan* court's reading of code). *But see Reha v. State*, 99 S.W.3d 373, 376 (Tex. App.—Corpus Christi 2003, no pet.) (disapproving Beaumont opinions and holding that statute applies to all turns regardless of degree); *Krug v. State*,

3

86 S.W.3d 764, 766-67 (Tex. App.—El Paso 2002, pet. ref'd) (same). We need not decide whether section 545.104 applies to turns of other than ninety degrees because the evidence shows that contrary to appellant's contention, his turn from Palm Valley onto North Mays was a ninety-degree turn.

Defense exhibit 1 is a drawing of the intersection in question. It shows that Palm Valley (running east and west) and North Mays (running north and south) intersect at a ninety-degree angle. The drawing also shows, and this was confirmed by Mitchell's testimony, that a driver turning right from Palm Valley onto North Mays does not have to enter the intersection, which is controlled by a traffic light, but may (as appellant did) use a short turn lane that permits him to "cut the corner." Entry onto North Mays from this turn lane is controlled by a yield sign.[1]

Appellant's use of the turn lane does not mean that he did not make a ninety-degree turn. Appellant made a single turn, from Palm Valley onto North Mays. Those streets intersect at a ninety-degree angle. Before turning, appellant was traveling west on Palm Valley. After turning, he was traveling north on North Mays, a ninety-degree change of direction. The turn lane did not change the angle of the turn; it merely rounded the turn and bypassed the light to facilitate the flow of traffic. The evidence shows that appellant made a ninety-degree turn at an intersection without signaling the turn, a violation of section 545.104 even under his interpretation of the statute.[2]

---

[1] Contrary to the suggestion in appellant's brief, the presence of a yield sign rather than a stop sign or traffic light is of no significance even under the authorities on which he relies. *See State v. Zeno*, 44 S.W.3d 709, 712 (Tex. App.—Beaumont 2001, pet. ref'd) (holding that section 545.104 applied to turn at ninety-degree intersection controlled by yield sign).

[2] The facts of this case are distinguishable from those in *Trahan*, where the defendant failed to signal before exiting a freeway. *See Trahan v. State*, 16 S.W.3d 146, 147 (Tex. App.—Beaumont 2000, no pet.).

Because Mitchell was authorized to stop appellant for this offense, we need not decide whether the stop was justified by the officer's other observations. Point of error one is overruled.

In his second point of error, appellant urges that the search warrant pursuant to which the blood sample was seized was defective because it did not properly describe the blood. Appellant relies on the opinion of the court of criminal appeals holding that blood is "an item of evidence" for which an evidentiary search warrant may issue. *Gentry v. State*, 640 S.W.2d 899, 902 (Tex. Crim. App. 1982); *see* Tex. Code Crim. Proc. Ann. art. 18.02(10) (West 2005) (authorizing search warrants for "property or items . . . constituting evidence of an offense"). Appellant contends that the search warrant was defective because it described the blood to be seized as "property" rather than as an "item."

An evidentiary search warrant must specifically describe the property or items to be searched for and seized. *See* Tex. Code Crim. Proc. Ann. art. 18.01(c) (West Supp. 2008). The search warrant in this case ordered the seizure of "the property described in said Affidavit, to-wit: human blood from the body of an individual named Anthony Lynn Falco, who is described as a White, Male, born on 6/15/54, approximately 5'11", 165 lbs in weight, with brown hair and blue eyes." What is significant in this description is what follows the colon, that is, the description of the evidence to be seized as human blood from a particularly named and described person.

Although it may be more accurate to refer to blood as an "item of evidence" rather than as "property," the code authorizes the seizure of either as evidence. Appellant does not question the sufficiency of the affidavit's showing of probable cause to seize his blood pursuant to

5

article 18.02(10). The search warrant's reference to appellant's blood as "property" did not affect the adequacy of the description or otherwise render the warrant invalid. Point of error two is overruled.

The judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: February 11, 2009

Do Not Publish