# NO. 12-08-00430-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WILTON LARRON MAHAFFEY,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW #2* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Wilton Larron Mahaffey appeals his conviction for driving while intoxicated, for which he was sentenced to confinement for three days and fined five hundred dollars. In one issue, Appellant contends that the trial court improperly denied his motion to suppress. We affirm.

### BACKGROUND

Appellant was charged by information with driving while intoxicated. Thereafter, Appellant filed a motion to suppress any evidence seized as a result of what he alleged was an illegal detention. The trial court subsequently conducted a hearing on Appellant's motion.

At the hearing, Gun Barrel City Police Sergeant Billy Sparks testified concerning his stop of Appellant's vehicle. Sparks testified that he stopped Appellant's vehicle for violating Texas Transportation Code, section 545.104. Sparks elaborated that Appellant was traveling southbound on Texas Highway 198. Sparks stated that the southbound side of the highway had two lanes. Sparks further stated that Appellant passed a traffic sign that stated, "Lane ends, merge left." Sparks testified that when Appellant reached the point in the roadway where the lane was ending—that is, the broken dividing lines between the two lanes ceased and the line dividing the righthand lane with

the shoulder angled inward—he merged his vehicle leftward without using a turn signal.[1]  Sparks further testified that Appellant's actions amounted to a traffic violation.

Following the hearing, the trial court entered a written order denying Appellant's motion to suppress.  Thereafter, the trial court made the following written findings of fact and conclusions of law:

> On September 27, 2006, the Defendant was stopped for a traffic violation under Section 545.104 of the Texas Transportation Code (§ 545.104.  *SIGNALING TURNS; USE OF TURN SIGNALS. (a)  An operator shall use the signal authorized by Section 545.106 to indicate an intention to turn, change lanes, or start from a parked position.)[.]*
>
> The Court finds that the defendant did not cross over lane markings[,] but rather failed to use a turn signal after the lane markings ended as the two lanes merged into one.  The Court finds that this conduct is a traffic violation as contemplated by Section 545.104(a) and as such the traffic stop was justified.
>
> The Court finds that the sole valid basis for the traffic stop and detention of the Defendant was the violation of Section 545.104(a).

Subsequently, Appellant pleaded "guilty" as charged.  The court sentenced Appellant to confinement for three days and fined Appellant five hundred dollars.  This appeal followed.

### MOTION TO SUPPRESS

In his sole issue, Appellant argues that the trial court erred in denying his motion to suppress.  Specifically, Appellant argues that Sparks's traffic stop was baseless because Appellant's failure to signal was not a violation of section 545.104(a).

**Standard of Review**

A trial court's decision to grant or deny a motion to suppress is generally reviewed under an abuse of discretion standard.  *Oles v. State*, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999); *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); *Maysonet v. State*, 91 S.W.3d 365, 369 (Tex. App.–Texarkana 2002, pet. ref'd).  We will review de novo the legal question involving

---

[1] Sparks acknowledged that Appellant did not cross any lane dividing lines at the point when he steered his vehicle to the left.  However, Sparks stated that he still considered there to be two lanes in spite of the absence of a dividing line.

interpretation of the Texas Transportation Code. *Wehring v. State*, 276 S.W.3d 666, 669 (Tex. App.– Texarkana 2008, no pet.) (citing *Hernandez v. State*, 957 S.W.2d 851 (Tex. Crim. App. 1998) and *Maysonet*, 91 S.W.3d at 369). Since all evidence is viewed in the light most favorable to the trial court's ruling, we are obligated to uphold it on a motion to suppress if that ruling was supported by the record and was correct under any theory of law applicable to the case. *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); *State v. Ballard*, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999); *Maysonet*, 91 S.W.3d at 369.

**Governing Law**

A routine traffic stop closely resembles an investigative detention. *Powell v. State*, 5 S.W.3d 369, 375 (Tex. App.–Texarkana 1999, pet. ref'd). Because an investigative detention is a seizure that implicates the United States and Texas constitutions, the traffic stop must be reasonable. U.S. CONST. amend. IV; TEX. CONST. art. I, § 9; *Francis v. State*, 922 S.W.2d 176, 178 (Tex. Crim. App. 1996). To determine the reasonableness of an investigative detention, we conduct the inquiry set forth by the United States Supreme Court in *Terry v. Ohio*: (1) whether the officer's action was justified at its inception; and (2) whether it was reasonably related in scope to the circumstances that initially justified the interference. 392 U.S. 1, 19–20, 88 S. Ct. 1868, 1879, 20 L. Ed. 2d 889 (1968); *Davis v. State*, 947 S.W.2d 240, 242 (Tex. Crim. App. 1997).

Under the first guideline, an officer's reasonable suspicion justifies an investigative detention. *Davis*, 947 S.W.2d at 242–43. Specifically, the officer must have a reasonable suspicion that some activity out of the ordinary is occurring or has occurred. *Id*. at 244 (citing *Garza v. State*, 771 S.W.2d 549, 558 (Tex. Crim. App. 1989)). To determine whether an officer was reasonable in his or her initial action, we ask whether, in light of the officer's experience and knowledge, there existed specific, articulable facts which, taken together with rational inferences from those facts, reasonably warranted an intrusion. *Id.* at 242. "If an officer has a reasonable basis for suspecting that a person has committed a traffic offense, the officer may legally initiate a traffic stop." *Zervos v. State*, 15 S.W.3d 146, 151 (Tex. App.–Texarkana 2000, pet. ref'd).

**Merging Lanes and Required Use of a Turn Signal Under Section 545.104(a)**

In the case at hand, Sparks believed Appellant's failure to signal his intent to turn prior to

initiating his leftward merge was a violation of section 545.104(a). The question we must resolve is whether it was reasonable for Sparks to conclude that a traffic violation had been committed, even though Appellant's vehicle did not cross any lane dividing lines.

When interpreting statutes, we seek to effectuate the intent or purpose of the legislators who enacted them. *Omaha Healthcare Ctr., L.L.C. v. Johnson*, 246 S.W.3d 278, 282 (Tex. App.–Texarkana 2008, pet. filed) (citing *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex.1999)). If the statute is clear and unambiguous, the plain meaning of the words should be applied. *Hines v. State*, 75 S.W.3d 444, 447 (Tex. Crim. App. 2002); *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991); *Johnson*, 246 S.W.3d at 282. However, if application of the plain language would lead to absurd consequences the legislature could not have intended, we may look to extracontextual factors to arrive at a sensible interpretation of the statute. *Hines*, 75 S.W.3d at 447; *Boykin*, 818 S.W.2d at 785–86.

Section 545.104 of the Texas Transportation Code provides in pertinent part as follows:

> (a) An operator shall use the signal authorized by Section 545.106 to indicate an intention to turn, change lanes, or start from a parked position.

TEX. TRANSP. CODE ANN. § 545.104(a) (Vernon 1999). The plain language of the statute requires the driver to signal for a turn. Thus, we will focus our analysis on whether Appellant's steering his vehicle from right to left as the two lanes merged constituted a turn.

Appellant cites *Trahan v. State*, 16 S.W.3d 146 (Tex. App.–Beaumont 2000, no pet.) in support of his proposition that he was not legally required to use a turn signal. In *Trahan*, the appellant contended that the stop of his vehicle for failing to signal when exiting a freeway was not authorized. *Id.* at 147. The court determined that a ninety degree turn is the type of turn contemplated in the relevant section of the Texas Transportation Code and that the code does not equate moving right or left to a "turn." *Id.* The court held that under the plain language of section 545.104(a), the appellant was not required to signal because there was no evidence that he "turned" or "changed lanes" in order to exit the freeway. *Id.*

However, in *Krug v. State*, 86 S.W.3d 764 (Tex. App.–El Paso 2002, pet. ref'd), the El Paso court of appeals declined to apply the rule as set forth in *Trahan*. *See Krug*, 86 S.W.3d at 766. The

court elaborated on its decision, in pertinent part, as follows:

> By its plain language, Section 545.104 applies whenever the driver has an "intention to turn." The statute contains no limiting reference to Section 545.101 nor is there any other indication that Section 545.104 applies only to ninety degree turns made at an intersection of cross streets. Although *Trahan* states that the only types of turns discussed in Chapter 656 are those at intersections and when making a 180 degree turn on a curve or the crest of a grade, Section 545.103 specifically discusses *turning* a vehicle to enter a private road or driveway and *turning* the vehicle from a direct course. Thus, we construe Section 656.104 as applying to any of these turns.
>
> Our construction of Section 656.104 is supported by consideration of former Section 68(a) of Article 6701d....
>
> ....
>
> Under the former law, an operator was required to signal an intention to turn when moving right or left upon a roadway ..., and not only when turning at an intersection. When the Legislature codified the former law, it separated the requirement of making certain turns safely from the requirement of signaling an intention to turn. However, we see no indication in Sections 545.103 or 545.104 that the Legislature intended to change the law such that a person is now required to only signal a turn at intersections and when turning around near a curve or grade. If the Legislature had intended such a drastic change in the law, it would have specifically restricted the application of Section 656.104 to these circumstances rather than stating broadly that a driver must "indicate an intention to turn."
>
> Moreover, *Trahan* ... may also be read as holding that Sections 545.103 and 545.104 are mutually exclusive. In our view, the provisions of Chapter 545 are not mutually exclusive but are complementary such that a driver has a duty to not only signal an intention to turn, [but] he must also make his turn safely. These two requirements serve different goals and we find no intention on the part of the Legislature to render them mutually exclusive.

*Krug*, 86 S.W.3d at 766–67; *see also* ***Wehring v. State***, 276 S.W.3d 666, 670 (Tex. App.–Texarkana 2008, no pet.) (traffic violation where failed to indicate intent to turn into turn only lane).

Furthermore, in ***Reha v. State***, the Corpus Christi court of appeals considered the court's opinion in *Trahan* along with its progeny, but determined that a turn signal is required regardless of the degree of the turn. *See* ***Reha v. State***, 99 S.W.3d 373, 376 (Tex. App.–Corpus Christi 2003, no pet.). In its analysis, the court noted that section 545.104 contained no language limiting the application of the statute only to ninety degree turns. ***Id.*** Moreover, the court stated that applying the plain language of the statute in this way did not lead to an absurd result, but rather "provides a clear, bright line rule by which drivers of motor vehicles and police officers charged with enforcing the laws may operate, i.e., a turn signal is required 'to indicate an intention to turn.'" ***Id.***

We agree with the court's determination in ***Reha*** that a turn signal is required regardless of

the degree of the turn. *Id*. Moreover, we agree with the court's determination in **Krug** that section 545.104's use of the word "turn" is complemented by and can be interpreted in conjunction with section 545.103's description of safely turning. In the case at hand, it is undisputed that Appellant steered his car leftward as the righthand lane in which he was driving merged into the lefthand lane. From our reading of the plain language of section 545.103, we conclude that the legislature intended the word "turn" to include a movement to either the right or the left on a roadway. *See* TEX. TRANSP. CODE ANN. § 545.103 (Vernon 1999). Thus, Appellant's movement from right to left on a roadway amounts to a "turn" under chapter 545. *See* TEX. TRANSP. CODE ANN. §§ 545.103, 545.104(a); **Reha**, 99 S.W.3d at 376; **Krug**, 86 S.W.3d at 766–67. As such, Appellant was required to use a turn signal to indicate his intention to make this turn. *See* TEX. TRANSP. CODE ANN. § 545.104(a).

In sum, by his failure to signal his intent to turn when steering his car leftward as the righthand lane in which he was driving merged into the lefthand lane, Appellant committed a traffic violation. When a traffic offense is committed in the presence of a peace officer, the detention is reasonable. *See* **Garcia v. State**, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992). Sparks was, therefore, authorized to detain Appellant, and the evidence related to the DWI, gathered in conjunction with a lawful traffic stop, was not required to be suppressed. Therefore, we hold that the trial court did not err in denying Appellant's motion to suppress. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

  SAM GRIFFITH  
Justice

Opinion delivered August 19, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

6