ACCEPTED
03-15-00098-CR
5335189
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/19/2015 10:17:53 AM
JEFFREY D. KYLE
CLERK

# IN THE THIRD COURT OF APPEALS
## AT AUSTIN, TEXAS

| | | |
|---|---|---|
| **BRIAN VINCENT ROBINSON,** | § | FILED IN<br>3rd COURT OF APPEALS<br>AUSTIN, TEXAS |
| **Appellant** | § | |
| | § | 5/19/2015 10:17:53 AM |
| **V.** | § | **CAUSE NO. 03-15-00098-CR** JEFFREY D. KYLE |
| | § | **TRIAL COURT NO. 70,532** Clerk |
| | § | |
| **THE STATE OF TEXAS,** | § | |
| **Appellee** | § | |

---

## BRIEF OF APPELLANT

---

**Appealed from the 27th Judicial District Court, Bell County, Texas**
**Hon. John Gauntt, presiding**

---

**COPELAND LAW FIRM**
**P.O. Box 399**
**Cedar Park, TX  78613**
**Phone:  512.219.8930**
**E-Mail:  tcopeland14@yahoo.com**
**Tim Copeland**
**State Bar No. 04801500**
**Attorney for Appellant**

**APPELLANT HEREBY WAIVES ORAL ARGUMENT**

# TABLE OF CONTENTS

**Page**

**Table of Contents** *i*

**Index of Authorities** *ii-iv*

**Identity of Parties and Counsel** 1

**Statement of the Case** 2

**Issue Presented** 3

The trial court erred in denying Robinson's motion to suppress because the traffic stop which resulted in his arrest was based on a literal reading of **section 545.104 of the Transportation Code** which leads to the absurd result that a turn signal is required in *all* circumstances.

**Statement of Facts** 4

**Summary of the Argument** 6

**Issue** 6

**Statement of Pertinent Facts** 7

**Argument** 7

**Prayer** 10

**Certificate of Service and Compliance with Rule 9** 11

# INDEX OF AUTHORITIES

**Authorities**               **Page**

## United States Supreme Court cases

***Delaware v. Prouse***     **8**
440 U.S. 648 (1979)

***Ornelas v. United States***     **8**
517 U.S. 690 (1996)

***United States v. Robinson***     **8**
414 U. S. 218, 94 S. Ct. 467, 38 L. Ed. 2d 427 (1973)

***Whren v. United States***     **8**
517 U.S. 806, 116 S. Ct. 1769, 135 L. Ed. 2d 89 (1996)

## Texas Court of Criminal Appeals cases

***Boykin v. State***     **11**
818 S.W.2d 782 (Tex. Crim. App. 1991)

***Cantu v. State***     **7**
842 S.W.2d 667 (Tex. Crim. App. 1992)

***Carmouche v. State***     **7**
10 S.W.3d 323 (Tex. Crim. App. 2000)

***Crittenden v. State***     **9**
` 899 S.W. 2d 668 (Tex. Crim. App. 1995)

***Garcia v. State***     **8**
827 S.W.2d 937 (Tex. Crim. App. 1992)

***Guzman v. State***     **8**
955 S.W.2d 85 (Tex. Crim. App. 1997)

# INDEX OF AUTHORITIES, continued

**Authorities**                                                                                          **Page**

### Texas Court of Criminal Appeals cases, continued

*Hines v. State*                                                                                          **11**
    75 S.W.3d 444 (Tex. Crim. App. 2002)

*Oles v. State*                                                                                          **7**
    933 S.W.2d 103 (Tex. Crim. App. 1999)

*State v. Ross*                                                                                          **7**
    32 S.W.3d 853 (Tex. Crim. App. 2000)

*Walter v. State*                                                                                          **8**
    28 S.W.3d 538 (Tex. Crim. App. 2000)

### Texas Court of Appeal cases

*Blevins v. State*                                                                                          **7**
    74 S.W.3d 125 (Tex. App. – Ft. Worth, 2002)

*Reha v. State*                                                                                          **10**
    99 S.W. 3d 373 (Tex. App.—Dallas 2003)

### Statutes

**Texas Health and Safety Code section 481.115 (West 2012)**                                            **2,4**

**Texas Code of Criminal Procedure, art. 38.23 (West 2012)**                                            **5**

**Texas Transportation Code, section 545.104 (West 2012)**                                            **3,6,9**

**Texas Transportation Code, section 545.104(a)(b)**                                            **9**

**INDEX OF AUTHORITIES, continued**

Authorities                                                    Page

**Constitutions**

United States Constitution, Fourth Amendment                  8

Texas Constitution                                            4

*iv*

## IN THE THIRD COURT OF APPEALS
## AT AUSTIN, TEXAS

| | | |
|---|---|---|
| **BRIAN VINCENT ROBINSON,** | § | |
| Appellant | § | |
| | § | **CAUSE NO. 03-15-00098-CR** |
| **V.** | § | **TRIAL COURT NO. 70,532** |
| | § | |
| **THE STATE OF TEXAS,** | § | |
| Appellee | § | |

## IDENTITY OF PARTIES AND COUNSEL

**TO THE HONORABLE COURT OF APPEALS:**

**COMES NOW**, **BRIAN VINCENT ROBINSON**, appellant, who would show the Court that interested parties herein are as follows:

**BRIAN VINCENT ROBINSON**, appellant, TDCJ No. 01969863, Bartlett State Jail, Bartlett, Texas 765211

**KURT W. GLASS**, trial attorney for appellant, 2608 N. Main St., Ste. B-135, Belton, Texas 76513.

**TIM COPELAND**, appellate attorney for appellant, P.O. Box 399, Cedar Park, Texas 78613.

**LESLIE McWILLIAMS**, and **BOB ODOM**, Bell County Assistant District Attorneys, trial and appellate attorneys respectively for appellee, the State of Texas, P.O. Box 540, Belton, Texas 76513.

# IN THE THIRD COURT OF APPEALS
## AT AUSTIN, TEXAS

BRIAN VINCENT ROBINSON,    §
     **Appellant**    §
        §    **CAUSE NO. 03-15-00098-CR**
V.                  §    **TRIAL COURT NO. 70,532**
        §
THE STATE OF TEXAS,     §
     **Appellee**      §

## STATEMENT OF THE CASE

**TO THE COURT OF APPEALS**:

Following the trial court's denial of Brian Vincent Robinson's motion to suppress, Mr. Robinson entered a not guilty plea before a jury, and his case proceeded to trial. (R.R. 2, p. 19). He was eventually convicted of the State Jail felony offense of possession of cocaine (of less than one gram). (R.R. 5, p. 6) and *see* **TEX. HEALTH AND SAFETY CODE §481.115 (West 2012).** The trial court assessed punishment of two years' confinement in the State Jail Division of the Texas Department of Criminal Justice. (R.R. 1, pp. 17-18). Robinson perfected an appeal from that verdict and sentence. (C.R. 1, p. 45).

Cause No. 03-15-00098-CR                                  2
*Brian Vincent Robinson v. The State of Texas*
Brief of Appellant

## ISSUE PRESENTED

The trial court erred in denying Robinson's motion to suppress because the traffic stop which resulted in his arrest was based on a literal reading of **section 545.104 of the Transportation Code** which leads to the absurd result that a turn signal is required in *all* circumstances.

Cause No. 03-15-00098-CR     3
*Brian Vincent Robinson v. The State of Texas*
Brief of Appellant

# IN THE THIRD COURT OF APPEALS
## AT AUSTIN, TEXAS

BRIAN VINCENT ROBINSON, §
    Appellant §
§     **CAUSE NO. 03-15-00098-CR**
V. §     **TRIAL COURT NO. 70,532**
§
THE STATE OF TEXAS, §
    Appellee §

## STATEMENT OF FACTS

*Indictment*

Robinson was indicted for the offense of possession of cocaine less than one gram, a State Jail felony, in violation of **Texas Health and Safety Code section 481.115(a) (b)**. *See* **TEX. HEALTH AND SAFETY CODE SECTION § 481.115 (a) (b) West 2012)**.

*Motion to Suppress*

On October 23, 2014, the trial court heard Robinson's motion to suppress evidence resulting from the traffic stop which led to his arrest on September 25, 2012. Robinson alleged in his motion to suppress that the traffic stop by Sergeant Tyler McEowen of the Killeen Police Department was made without probable cause or reasonable suspicion of criminal activity or warrant and that it violated his rights under both the **Texas** and **United States Constitutions**. (C.R. 1, p. 17).

Cause No. 03-15-00098-CR      4
*Brian Vincent Robinson v. The State of Texas*
Brief of Appellant

*Sgt. McEowen's Testimony at Motion to Suppress*

At the hearing on the motion to suppress, Sgt. McEowen testified that he received information from a detective with the Organized Crime Division of the Killeen Police Department that a subject was selling narcotics out of a 2006 silver Audi. The detective provided the Audi's temporary license plate number and instructed McEowen to stop the vehicle if he observed a traffic violation. [1] (R.R. 2, p. 7). McEowen testified that shortly after 5:00 p.m. he located the car, and he followed the vehicle for a little while. When he saw the car stop and turn at 18th and Rancier Streets, he noted that the driver "failed to signal within 100 feet of that turn so [he] had a valid traffic violation…and [he] made a vehicle stop of the vehicle." (R.R. 1, p. 8). (McEowen would also note later that the dealer tags on the car were "unreadable" from 50' away – another traffic violation – but his stop of Robinson's vehicle was clearly predicated on the failure to signal a turn). (*See* R.R. 2, p. 9 and compare at p. 16)). Once he had the vehicle stopped, McEowen asked the driver, Robinson, for his license, but Robinson told McEowen that he had no valid driver's license. (R.R. 2, p. 10). After running his name, McEowen arrested Robinson for driving while license suspended. (R.R. 2, pp.11-12). In a search incident to that arrest, McEowen said that he found a white powdery

<sup></sup>1 McEowen was also told the temporary tags on the car had expired, but that information turned out to be invalid. (*See* R.R. 2, p. 16 and R.R. 5, p. 22).

substance in Robinson's right front pocket which field tested positive for cocaine. (R.R. 2, pp. 13-14). Later analysis confirmed that the substance was, in fact, cocaine, and its possession became the basis for the conviction here under review.

*Trial Court's Findings*

The trial court denied Robinson's motion to suppress but made no findings of fact, and the case proceeded to trial on November 3, 2014. (R.R. 2, p. 19).

## SUMMARY OF THE ARGUMENT

The trial court's ruling which denied Robinson's motion to suppress was predicated on a literal reading of **Transportation Code section 545.104** to justify the traffic stop which ultimately resulted in his arrest and subsequent indictment. A literal reading of the statute, however, leads to an absurd result because the legislature could not have intended that a turn signal is required in every circumstance when a driver makes a turn. Instead, the trial court should have looked at extra-contextual factors in connection with Robinson's turn to determine if a turn signal was required under the circumstances. That it did not do so was error.

## ISSUE

The trial court erred in denying Robinson's motion to suppress because the traffic stop which resulted in his arrest was based on a literal reading of **section**

**545.104 of the Transportation Code** which leads to the absurd result that a turn signal is required in *all* circumstances.

## STATEMENT OF PERTINENT FACTS

In addition to the evidence presented in the "Background" above, other evidence pertinent to Robinson's issue is provided in the argument below.

## ARGUMENT

*Standard of Review*

The trial court's denial of a motion to suppress is reviewed for abuse of discretion. ***Oles v. State***, 933 S.W.2d 103, 106 (Tex. Crim. App. 1999). There is an abuse of discretion "when the trial judge's decision is so clearly wrong as to lie outside that zone within which reasonable persons might disagree." ***Cantu v. State***, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992). The appropriate standard of review for a suppression ruling is a bifurcated review. ***Blevins v. State***, 74 S.W.3d 125 (Tex. App. – Ft. Worth, 2002). An appellate court first affords almost total deference to the trial court's determination of the historical facts that the record supports. Next, the Court of Appeals reviews *de novo* the trial court's application of the law of search and seizure to the facts. ***State v. Ross***, 32 S.W.3d 853 (Tex. Crim. App. 2000). When, as in the instant case, the trial court does not make explicit findings of historical fact, the Court of Appeals reviews the evidence adduced at a suppression hearing in the light most favorable to the trial court's ruling. ***Carmouche v. State***, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000). Although due weight should be given

to the inferences drawn by trial judges and law enforcement officers, determinations of matters such as reasonable suspicion and probable cause should be reviewed *de novo*. ***Guzman v. State***, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997) (citing ***Ornelas v. United States***, 517 U.S. 690 (1996)).

*Applicable Law/Traffic Stops in General*

A law enforcement officer may lawfully stop a motorist who commits a traffic violation when the officer has probable cause to believe that a traffic violation has occurred. ***Garcia v. State***, 827 S.W.2d 937 (Tex. Crim. App. 1992); ***Walter v. State***, 28 S.W.3d 538 (Tex. Crim. App. 2000). A traffic stop is a "seizure" within the meaning of the **Fourth Amendment** even though the purpose of the stop is limited, and the resulting detention is quite brief. ***Delaware v. Prouse***, 440 U.S. 648 (1979).

The Fourth Amendment does not prevent the use of evidence obtained during a pretextual stop if an officer has probable cause to believe that the defendant committed a traffic violation. ***Whren v. United States***, 517 U.S. 806, 813, 116 S. Ct. 1769, 1774, 135 L. Ed. 2d 89 (1996) (citing ***United States v. Robinson***, 414 U. S. 218, 221, 236, 94 S. Ct. 467, 470, 477, 38 L. Ed. 2d 427 (1973) (holding that a traffic–violation arrest remains valid despite the fact that it was a mere pretext for a narcotics search and that a lawful post-arrest search of the person remains valid even if it was not motivated by the officer–safety concern

that justifies such searches)). The "objective" test for pretextual searches and seizures –followed by Texas courts—deems the officer's subjective motivation irrelevant to the determination of whether the seizure was reasonable. *Crittenden v. State*, 899 S.W. 2d 668, 671-73 (Tex. Crim. App. 1995).

*Section 545.104 of the Transportation Code*

**Section 545.104** of the **Transportation Code** at the time of the offense provided, in relevant part:

(a) An operator shall use the signal authorized by Section 545.106 to indicate an intention to turn, change lanes, or start from a parked position.
(b) An operator intending to turn a vehicle right or left shall signal continuously for not less than the last 100 feet of movement of the vehicle before the turn.

– **TEX. TRANSP. CODE §545.104(a)(b) (West 2012)**

*Analysis*

Robinson's traffic stop was predicated on a violation of **§545.104** of the transportation code as set out above. His argument with regard to McEowen's reliance on the statute as justification for his stop is straight forward:

Applying the plain language of **section 545.014** leads to an absurd result unless a court reads additional language into the statue. That is so because while the statutory language may at first blush seem to provide a clear, bright-line rule by which drivers of motor vehicles and police officers may operate, on closer

inspection of the language, it becomes obvious that a literal reading will not work in every situation, and in some cases, even lead to absurdity.

Here, there was no evidence adduced that Robinson could have given a signal at least 100' before he turned because there was no evidence that the particular roadway was long enough to afford him that opportunity. Neither was there any evidence that Robinson had a choice in whether he turned at the intersection or not. *Cf.*, however, ***Reha v. State***, 99 S.W. 3d 373, 374 (Tex. App.— Dallas 2003) (Plain language of the statute does not include exceptions for those situations where there is only one direction to turn). Finally, a literal reading of the statue ignores the otherwise reasonable and lawful choices available to a driver in his movements upon a roadway. Where a driver has lawful options available to him at an intersection, imposing a necessity upon that driver to make a decision on whether to turn or not before he needs or wants to (as a plain reading of the statute requires) creates an absurd situation where safety is not furthered and a driver's freedom of lawful movement upon the roadway is compromised. In fact, the absurdity of a literal interpretation of the statute is best illustrated by Officer McEwoen's response to a question posed in the suppression hearing:

Q: So you can't get to the intersection and say, Hey, there's a Whataburger,
> I feel like turning?

A:     Oh, you can.  You would just be violating the law.

Thus, a literal reading of the statute as evidenced by the trial court's decision here, while suggested by precedent, results in a conclusion that the legislature could not have intended. Instead, the statute should be read pragmatically. In determining whether a failure to signal a turn justifies a traffic stop, a reviewing court should look to extracontextual factors to arrive at a sensible interpretation of the statute. *See* ***Boykin v. State***, 818 S.W.2d 782 (Tex. Crim. App. 1991) and ***Hines v. State***, 75 S.W.3d 444 (Tex. Crim. App. 2002). Here, there were no extracontextual factors that, under the circumstances and to avoid an absurd result, would indicate Robinson was required to signal a turn. No evidence suggests, for example, the implication of any safety factors from the turn that would impact the arresting officer's decision to make a traffic stop. Without such context, Officers McEowen's traffic stop was without probable cause. Thus, the trial court erred in denying Robinson's motion to suppress.

## PRAYER

**WHEREFORE**, Robinson prays that this Court of Appeals reverse the judgment of the trial court and order an acquittal, or in the alternative, remand for a new trial in keeping with its findings herein including a remand for consideration of extracontextual factors in determining whether his traffic stop was made with probable cause.

**COPELAND LAW FIRM**
Cedar Park, TX 78613
Phone: 512.897.8196
Fax: 512.215.8114
Email: tcopeland14@yahoo.com

By: /s/ Tim Copeland
    Tim Copeland
    State Bar No. 04801500
    Attorney for Appellant

## CERTIFICATE OF SERVICE AND OF
## COMPLIANCE WITH RULE 9

This is to certify that on May 19, 2015, a true and correct copy of the above and foregoing document was served on Bob Odom, Bell County Assistant District Attorney, P.O. Box 540, Belton, Texas 76513, in accordance with the Texas Rules of Appellate Procedure, and that the Brief of Appellant is in compliance with Rule 9 of the *Texas Rules of Appellate Procedure* and that portion which must be included under Rule 9.4(i)(1) contains 2268 words.

/s/ Tim Copeland
TimCopeland